UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MICHAEL KESELICA,
Petitioner

v.

A.T. WALL,
Respondent

Civil Action No. CA 07 067T

PETITIONER'S MOTION TO SET BAIL
OR GRANT PETITIONER'S RELEASE TO HOME INCARCERATION

COMES NOW Petitioner, Michael Keselica, prose, and moves this Court to either grant Petitioner bail or his release to home incarceration pending full and final disposition of the habeas matter of Keselica v. Wall and in support thereof states the following:

On February 20, 2007, Petitioner filed, in this Court, a subsection 2241 habeas petition challenging Petitioner's arrest on Rhode Island Governor Carcieri's Rendition Warrant and extradition request by the Commonwealth of Virginia.

A United States District Court Judge has jurisdiction to set bail during habeas corpus proceedings.

In determining whether bail should be set, the following factors are applicable, namely: (1) the substantiality of the grounds; (2) the potentiality of release posing a threat to the community; (3) the petitioner's ties to the community; and (4) other circumstances, such as the severity of the sentence which might indicate there is a risk that the petitioner might flee the jurisdiction.

Petitioner submits the following in support of his motion for bail or release to home incarceration.

1. Substantiality of Grounds

The grounds asserted in Petitioner's Petition for Writ of Habeas Corpus subsection 2241 are substantial and compelling. This is the fourth attempt by Virginia to extradite Petitioner on the same warrant. Two prior attempts were dismissed as a result of procedural defaults by Virginia. The third attempt was denied after a full habeas hearing in Maryland during which the Circuit Court judge ruled that Petitioner was not a fugitive from justice and therefore not subject to extradition under the Uniform Criminal Extradition Act.

In addition, the affidavit upon which the Governor's Warrant is based contains false statements and inaccuracies. Moreover, Petitioner does not qualify as a fugitive from justice and is not subject to extradition under 18 U.S.C. subsection 3182 and Article IV, subsection 2, clause 2 of the U.S. Constitution.

2. Threat to Community

Petitioner has no prior criminal history for any assault or violent behavior. His criminal history is limited to larceny-related offenses. His last arrest on criminal charges dates back to 2000. Petitioner does not pose a danger to the community.

3. Ties to Community

Petitioner is a native of Rhode Island. Petitioner graduated from Rogers High School, Newport, Rhode Island in 1977 and received a Bachelor of Science degree in finance from the University of Rhode Island in 1982. After successfully contesting extradition proceedings in Maryland, Petitioner continued to reside and work there. Petitioner was employed full-time at Marketing Research and Resources, Inc. as a quality control supervisor. On June 3, 2006,

Petitioner's mother passed away, consequently, Petitioner moved to Rhode Island to help care for his father. Petitioner lives with his father at 18 Madeline Drive, Newport, Rhode Island. Within three days of his return to Rhode Island, Petitioner was employed full time at Newport Specialty Foods, Middletown, Rhode Island.

Petitioner's father, Michael N. Keselica, is a retired Lieutenant Commander in the United States Navy with twenty two years of active duty experience. He was former Governor and U.S. Senator John Chafee's aide in the late sixties and early seventies. He was employed by Fleet Bank in Rhode Island for seventeen years and retired at the position of senior vice president. From 1996 to 2003, Mr. Keselica served as Chairman of the Board of Commissioners of the Rhode Island Housing and Mortgage Finance Corporation. Currently, Mr. Keselica is owner of Foremost Mortgage Associates Inc, a mortgage brokerage firm. Mr. Keselica is 71 years of age and suffers from high blood pressure, diabetes and a broken back. Mr. Keselica shattered his L1 vertebrae two years ago and requires assistance in the course of his daily activities. Mr. Keselica was married to Monique Keselica for forty nine years. Upon the death of his wife, Petitioner immediately left Maryland and relocated to Rhode Island to assist him.

4. Severity of Sentence / Risk of Flight

Petitioner does not present a risk of Flight. Having successfully contested extradition proceedings in Maryland, Petitioner is preparing to do the same in this State. In fact, the existence of the Virginia detainer is incentive to attend all court appearances to ensure that it is permanently quashed. Leaving the state would simply expose Petitioner to the risk of detention and extradition but would also negate the sole reason for Petitioner's relocation to Rhode Island - to care for his elderly father.

WHEREFORE, Petitioner respectfully moves this Court to grant Petitioner bail or his release to home incarceration pending full and final disposition of this extradition matter. Petitioner is not a flight risk he just wants to care for his father here in Rhode Island.

Respectfully submitted

[signature]

Michael Keselica
#131867
P.O. Box 8249
Cranston, RI 02920

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of February, 2007 a copy of the foregoing was mailed postage paid first class to the Office of the U.S. Attorney, 50 Kennedy Plaza, Providence, RI 02903.

[signature]

Michael Keselica