Exhibit 1.

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

KENT, S.C. SUPERIOR COURT

MICHAEL G. KESELICA

V. KM-2006- 920

A.T. WALL

AGREED UPON STATEMENT OF FACTS

Now comes the petitioner, Michael G. Keselica, by and through counsel, and the Department of Attorney General, by and through Assistant Attorney General John Corrigan, and hereby submits the following agreed upon statement of facts in order to expedite the habeas corpus proceeding scheduled on January 5, 2007.

1. On January 17, 1995, Mr. Keselica was indicted by a grand jury of the circuit court of Fairfax County on one count of embezzlement over $200. The charge stemmed from Mr. Keselica's position as a financial advisor to a couple living in Virginia in 1990. From May 1, 1990 through November 30, 1990, Mr. Keselica obtained monies from this couple via telephone for the purchase of stock. No stock was purchased and the monies were fraudulently converted to Mr. Keselica's personal use. At all times, Mr. Keslica was never physically in Virginia when these activities took place.
2. On February 8, 1995 Mr. Keselica pled guilty to felony embezzlement in the Circuit Court of Fairfax County, Virginia. On April 21, 1995, Mr. Keselica was sentenced to twelve years of incarceration with the Virginia Department of Corrections, with thirty months to serve and the balance suspended along with eight years of probation.

3. On June 16, 1995, this sentence was modified to two years to serve in work release along with restitution payments of one thousand dollars ($1000.00) per month. The total restitution in this matter was approximately sixty seven thousand dollars ($67,000).

4. On November 29, 1995, Mr. Keselica was paroled from incarceration and began serving the probationary period. Over the next four years, he made approximately $43,000.00 in restitution payments.

5. On September 17, 1999, Mr. Keselica was found in violation of his probation as a result of missing several restitution payments and for being untruthful to his probation officer. After hearing, Mr. Keselica was ordered to serve seven years of the remaining ten year suspended sentence. The balance of restitution, approximately $25,000, was converted to a judgment.

6. While Mr. Keslica was present in the Fairfax County Court for the violation of probation hearing, he was not present in Virginia during the commission of the events that triggered the violation, namely failure to make restitution payments or being untruthful to his probation officer. The failure of Mr. Keselica to pay restitution took place while Mr. Keslica and his wife resided at , Gaithersburg, Maryland from February, 1999 through October, 1999. The failure to be truthful to his probation officer took place telephonically while Mr. Keselica resided at this same address.

7. The Requisition Demand from Virginia also includes several additional violation of probation warrants for failure to pay restitution, failure to surrender, and failure to maintain telephone contact with his probation officer. During this time, November 1999

through June, 2001, Mr. Keselica was residing in Maryland and was never present in Virginia during the commission of these alleged violations.

8. Mr. Keselica was released on an appeal bond pending appellate review of this matter. Mr. Keselica's appeal of this revocation hearing was later denied by the Virginia Court of Appeals. Mr. Keselica's appeal bond was returned by the Fairfax County Court on October 25, 2002.

9. On June 21, 2001, Mr. Keselica was arrested at his home in Montgomery County, Maryland as a fugitive from justice from Fairfax, Virginia for allegedly violating the terms of his Virginia probation. On July 20, 2001, this fugitive complaint was dismissed based upon Virginia's failure to obtain a governor's warrant within the required thirty day period.

10. On July 25, 2001, Mr. Keselica began serving a three year sentence in Maryland for violation of his Maryland probation. On December 31, 2001, Fairfax County Court placed a second detainer on Mr. Keselica as a fugitive from justice for violation of probation. The basis of the detainer was the same violation of probation alleged in the June 21, 2001 complaint. This fugitive complaint was dismissed on February 17, 2004, again as a result of Virginia's failure to obtain a governor's warrant within thirty days. See Exhibit 8.

11. On February 18, 2004, Mr. Keselica was arrested for the third time on the same fugitive complaint from Virginia. Mr. Keselica contested extradition by filing a petition for writ of habeas corpus in Maryland Circuit Court. The Maryland Circuit Court Judge granted Mr. Keselica's habeas petition and ordered him released from incarceration. No further attempts were made by Virginia to extradite Mr. Keselica from Maryland.

12. During the next two years, Mr. Keselica worked and resided in Maryland. He was employed full-time at Marketing Research and Resources, Inc. as a quality control supervisor. On June 3, 2006, Mr. Keselica's mother passed away; consequently, he moved to Rhode Island to help care for his father. Mr. Keselica is a native of Rhode Island. He graduated from Rogers High School in 1977 and a received a bachelor of science degree from the University of Rhode Island in 1982. Within three days of moving to Rhode Island, Mr. Keselica obtained full time employment at Newport Specialty Foods in Middletown, Rhode Island.

13. On August 3, 2006, Mr. Keselica was returning from work when he was stopped by a Rhode Island State Trooper for a minor traffic violation. A National Criminal Identification Computer (NCIC) check revealed the Virginia violation of probation warrant. Mr. Keselica was arrested and detained for the fourth time on this warrant. A governor's warrant was obtained on September 12, 2006 (Exhibit 1) and Mr. Keselica was served with this warrant on October 5, 2006.

Respectfully submitted:

Michael G. Keselica
By cousel,

John E. MacDonald, 5368
Larochelle & MacDonald, Inc.
One Turks Head Place, Suite 1440
Providence, Rhode Island 02903

Department of Attorney General
by counsel,

John Corrigan, 5855
Department of Attorney General
222 Quaker Lane
Warwick, Rhode Island 02888