**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **MICHAEL KESELICA,** | : | |
| **Petitioner,** | : | |
| | : | |
| **v.** | : | **C.A. No. 07-067 T** |
| | : | |
| **A.T. WALL,** | : | |
| **Respondent.** | : | |

**EXHIBIT TO OBJECTION TO PETITIONER'S MOTION TO SET BAIL OR GRANT PETITIONER'S RELEASE TO HOME INCARCERATION, PETITIONER'S MOTION FOR IMMEDIATE STAY OF EXECUTION OF RHODE ISLAND GOVERNOR DONALD L. CARCIERI'S RENDITION WARRANT, AND PETITIONER'S MOTION FOR EMERGENCY INJUNCTIVE RELIEF**

The State of Rhode Island hereby attaches a copy of Exhibit 2 to Objection To Petitioner's Motion To Set Bail Or Grant Petitioner's Release To Home Incarceration, Petitioner's Motion For Immediate Stay Of Execution Of Rhode Island Governor Donald L. Carcieri's Rendition Warrant, and Petitioner's Motion For Emergency Injunctive Relief.

Respectfully submitted,

**STATE OF RHODE ISLAND**
By its Attorney,

**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

Christopher R. Bush, #5411
Department of Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400

Date: March 9, 2007

**Certificate of Service**

I certify that I caused a copy of this Exhibit to be sent to the following by first class mail on March 9, 2007:

Michael Keselica
A.C.I.
P.O. Box 8249
Cranston, RI 02920

Exhibit 2.

# COMMONWEALTH OF VIRGINIA

## The Governor of Virginia,

REQUISITION DEMAND AND AGENT AUTHORIZATION

To the Governor of the State of Rhode Island:

Whereas, It appears by the application for requisition and copies of **Final Order, Amended Bench Warrant, etc.** which are hereunto annexed and which I certify to be authentic and duly authenticated in accordance with the laws of this State that **Michael George Keselica** stands convicted of the crime(s) of **Embezzlement** in the **County of Fairfax**, PLACED ON PROBATION AND HAS VIOLATED THE TERMS THEREOF and thereafter fled from the justice of this State and may have taken refuge in the **State of Rhode Island.**

Whereas, I Timothy M. Kaine, Governor of Virginia, do hereby appoint **Detective Hilary Jenkins and Detective James Williams** and/or his/her authorized agent to receive **Michael George Keselica**, fugitive from justice, from the appropriate authorities of the **State of Rhode Island** and convey said fugitive to the State of Virginia, there to be dealt with the according to law.

Now Therefore, pursuant to the provision of the Constitution and the Laws of the United States in such case made and provided, I do hereby respectfully demand that the said **Michael George Keselica** be apprehended, secured and delivered to the above authorized Agent or designee who shall receive and convey him to the State of Virginia, there to be dealt with according to Law.

In Witness Whereof, I have hereunto signed my name and affixed the Great Seal of the Commonwealth at the Capitol in Richmond, on August 28, 2006 and in the 230th year of the Commonwealth.

Governor of Virginia

By the Governor

Senior Deputy Secretary of the Commonwealth

STATE OF VIRGINIA
COUNTY OF FAIRFAX To-Wit:

I, John T. Frey, Clerk of the Circuit Court of Fairfax County, Virginia, the same being a Court of Probate and of Record and having a seal, do hereby certify

that the hereunto annexed are full, true and correct copies of an Amended Bench Warrant issued August 16, 2004, a Bench Warrant issued August 16, 2004, a Rule to Show Cause issued November 30, 1999, a Final Order entered October 22, 1999, a Final Order entered June 26, 1995, a Final Order Jury Trial entered May 4, 1995, a Conviction Order entered February 10, 1995 and Indictment dated January 17, 1995, all made from the originals in the Circuit Court of Fairfax County, Virginia in the case of Commonwealth of Virginia versus MICHAEL GEORGE KESELICA, Criminal Number 87970 on file and of record in this office.

IN TESTIMONY WHEREOF I have hereunto set my hand and affixed the seal of the said Court hereto, at Fairfax, Virginia this 24th day of August, 2006

[signature]
Clerk

STATE OF VIRGINIA
COUNTY OF FAIRFAX To-Wit:

I, Stanley P. Klein, Judge of the Circuit Court of Fairfax County, Virginia, the same being a Court of Probate and of Record, do hereby certify that John T. Frey, whose genuine signature appears signed to the foregoing and hereunto annexed certificate and thereon written, was, at the date thereof, and is now, the Clerk of said Court, duly elected, qualified and authorized under the laws of said State to give the same, and all his official acts as such Clerk are entitled to full, faith and credit; and that the said certificate is in due form of law and by the proper officer. I further certify that I am well acquainted with the handwriting of said John T. Frey, Clerk as aforesaid, and that his said signature to the foregoing and hereunto annexed certificate is his usual and genuine signature.

[signature]
Judge

COMMONWEALTH OF VIRGINIA )
) to-wit:
COUNTY OF FAIRFAX )

To his Excellency, the Governor of Virginia: I, Raymond F. Morrogh, Deputy Commonwealth's Attorney for the County of Fairfax, do hereby respectfully request that a requisition be issued for the return of Michael George Keselica, who is now in Kent County, Warwick, Rhode Island, and is charged with Violation of Probation on an original charge of Embezzlement and a Show Cause why his suspended sentence should not be imposed in the County of Fairfax, and that you empower Detective Hilary W. Jenkins, Fairfax County Police Department, and Detective James Williams, Guard, Fairfax County Police Department, in due form as authorized agents to receive and return the said Michael George Keselica to the State of Virginia.

In support of the said application I do hereby certify that:

1. The full name of the fugitive for whom extradition is asked is Michael George Keselica, who was in the State of Virginia at the time of the commission of the said crime;

2. In my opinion, the ends of public justice require that the said fugitive be brought to this State for trial, at the public expense.

3. In my opinion, I have sufficient evidence to secure the conviction of the said fugitive;

4. The names of the proposed agents to receive and return to Virginia the said fugitive are Detective Hilary W. Jenkins and Detective James Williams, Fairfax County Police Department; the proposed agents are proper people and have no private interest in the arrest of the said fugitive;

5. No other application has been made for a requisition for the said fugitive growing out of the same transaction herein alleged;

6. The said fugitive is not known to be under either civil or criminal arrest in Washington, D.C., except as otherwise herein set forth;

7. This application is not made for the purpose of enforcing the collection of a debt, or of removing the alleged fugitive to a foreign jurisdiction with a view there to serve him with civil process or for any private interest whatever; and if the requisition be granted, the criminal proceedings shall not be used for any of the said objects;

8. The nature of the crimes with which the said fugitive is charged are Violation of Probation on an original charge of Embezzlement and a Show Cause why his suspended sentence should not be imposed; these crimes are defined and punishment thereof prescribed by Section 18.2-111 of the 1950 Code of Virginia, as amended;

9. There has been no delay making this application;

10. The said fugitive is now under arrest in Kent County, Warwick, Rhode Island, and being held by police authorities in Kent County, Warwick, Rhode Island.

Respectfully submitted this 23rd day of August, 2006.

RAYMOND F. MORROGH
Deputy Commonwealth's Attorney for
the County of Fairfax, Virginia

COMMONWEALTH OF VIRGINIA
) to-wit:
COUNTY OF FAIRFAX )

I, John T. Frey, Clerk of the Circuit Court of the County of Fairfax, do hereby certify that Raymond F. Morrogh, whose genuine signature is affixed to the foregoing certificate, is and was at the time of the signing the same Deputy Commonwealth's Attorney for the County of Fairfax.

I further certify that the said Raymond F. Morrogh, Deputy Commonwealth's Attorney for the County of Fairfax, appeared before me this day, and after being duly sworn, stated that the facts contained in the foregoing petition were true to the best of his knowledge and belief.

In testimony whereof, I have hereunto set my hand and affixed the seal of this Court at my office this 24th day of August, 2006

John T. Frey
Clerk of the Circuit Court of
Fairfax County, Virginia

By: [signature]
Deputy Clerk

STATE OF VIRGINIA
COUNTY OF FAIRFAX To-Wit:

I, JOHN T. FREY, CLERK OF THE CIRCUIT COURT OF FAIRFAX COUNTY, VIRGINIA, the same being a Court of Probate and Record and having a seal, do hereby certify that KAREN L. MARSHALL, whose genuine signature appears signed to the foregoing certificate and thereon written, was at the date thereof, and is now, a Deputy Clerk of the Circuit Court of Fairfax County, Virginia, duly appointed and qualified, and that all her official acts as such Deputy Clerk are entitled to full faith and credit. I further certify that I am well acquainted with the handwriting of the said KAREN L. MARSHALL as aforesaid and the signature to the said certificate is her usual and genuine signature.

In testimony of which I have hereunto set my hand and affixed the seal of said Court, at Fairfax, Virginia, this 24th day of August, 2006.

J. T. Frey

CLERK OF THE CIRCUIT COURT
FAIRFAX COUNTY, VIRGINIA

VIRGINIA:

IN THE CIRCUIT COURT OF FAIRFAX COUNTY

# AMENDED BENCH WARRANT

COMMONWEALTH OF VIRGINIA ) CRIMINAL NUMBER K87970

COUNTY OF FAIRFAX:

RE: MICHAEL GEORGE KESELICA
SSN: [illegible]-9967
Race: White SEX: Male
DOB: [illegible]-59
HEIGHT: 6'0"
WEIGHT: 190
COLOR HAIR: Brown
COLOR EYES: Blue
FBI NO.: None
CCRE: VA985721

Last Known Address:
[illegible]
Gaithersburg, Maryland 20877

To any Sheriff or Police Officer, Greeting:

On February 8, 1995, the Defendant, MICHAEL GEORGE KESELICA was convicted in the Circuit Court of Fairfax County, Virginia, of the felony of EMBEZZLEMENT. On April 21, 1995, MICHAEL GEORGE KESELICA was sentenced to serve twelve (12) years incarceration with the Virginia Departmen Corrections. All but thirty (30) months of the sentence was suspended conditioned upon the Defendant's go behavior and that he be placed on active probation for a period of eight (8) years.

Cheryl A. Johnston, Probation Officer of this Court has reported to this Court that MICHAEL GEOR KESELICA has violated the terms of his probation for the reasons set forth in the Alleged Violation of Probation dated June 4, 2001, which are incorporated herein by reference and there is good reason to believ his suspended sentence should be revoked.

Therefore, in the name of the Commonwealth of Virginia, I command you to apprehend MICHAEL GEORGE KESELICA and bring him before the Judge of our Circuit Court of Fairfax County, Virginia,

K/aen
7970

**FORTHWITH**, to show cause, if any he can, why his suspended sentence should not be revoked, and to further dealt with according to law.

You are **ORDERED** to file a return reflecting how you have executed this Bench Warrant.

Given under my hand and seal of this Court on August 16 2004.

It is recommended that the Defendant be held without bond until set by Circuit Court.

JUDGE STANLEY P. KLEIN

**(EXECUTE AND RETURN THE ORIGINAL)**
Executed this ____________ day of ____________.
By: ______________________________

7/acn
7970

10398 DEMOCRACY LANE, SUITE 1
FAIRFAX, VIRGINIA 220
TELEPHONE: (703)934-08
FAX: (703) 934-55
(703)934-15

# COMMONWEALTH of VIRGINIA

*Department of Corrections*
*Probation and Parole*
*District 29*

SATELLITE OFFICE
2812 FRANKLIN STREET, SUITE 10
ALEXANDRIA, VIRGINIA 2230
TELEPHONE: (703)718-233
FAX: (703) 718-232

June 4, 2001

The Honorable Stanley P. Klein
Fairfax County Circuit Court
The Jennings Building
4110 Chain Bridge Road
Fairfax, Virginia 22030

Re: Michael George Kessilica
Case No.: 87970

Dear Judge Klein:

Reference is made to the Alleged Violation of Probation report dated December 13, 2000. With regard to the alleged violation of Condition 1, the subject was found guilty by jury of two counts of Theft Over $300 in the Montgomery County, Maryland Circuit Court on April 19, 2001. Sentencing is scheduled on June 21, 2001. The subject has been found in violation of his probation in that jurisdiction as well and on June 21, 2001 sentence will also be imposed in that matter.

Regarding the alleged violation of the Special Condition requiring payment of restitution, it is noted that the subject did make payments of $1500 in January and February 2001 as ordered by Your Honor to make up for his missed payment in September 2000. However, since February 2001 the subject has not submitted any payments and his current balance is 9,310.81 plus interest. On May 11, 2001, this officer received a letter via Federal Express from the subject advising that, by his calculations, his restitution has been paid in full. A letter was sent to the subject on May 14, 2001 informing him of the restitution balance according to the Clerk's records and advising him that the Court would be informed of his failure to make payments as ordered. He was urged to bring his payments current immediately.

Based on the subject's two new felony convictions and his failure to abide by the order of the Court, it is recommended that a Bench Warrant be issued for the subject's arrest.

Respectfully,

Cheryl A. Johnston

Cheryl A. Johnston
Probation and Parole Officer

Reviewed by [signature]

Bench Warrant SPK 6/5/01

cc: Robert F. Horan, Commonwealth's Attorney
John Zwerling, Defense Attorney

000312

VIRGINIA:

IN THE CIRCUIT COURT OF FAIRFAX COUNTY

BENCH WARRANT

COMMONWEALTH OF VIRGINIA ) CRIMINAL NUMBER K87970

COUNTY OF FAIRFAX:

RE: MICHAEL G. KESELICA
SSN [illegible]9967
Race: White SEX: Male
DOE [illegible]59
HEIGHT: 6'0"
WEIGHT: 190
COLOR HAIR: Brown
COLOR EYES: Blue
FBI NO.: NONE
CCRE: VA985721

Last Known Address:
[illegible]
Gaithersburg, Maryland 20877

To any Sheriff or Police Officer, Greeting:

On February 8, 1995, the Defendant, MICHAEL G. KESELICA, was convicted in the Circuit Court of Fairfax County, Virginia, for the felony of EMBEZZLEMENT. On April 21, 1995, MICHAEL G. KESELICA was sentenced to serve twelve (12) years incarceration with the Virginia Department of Corrections. All but thirty (30) months of the sentence was suspended conditioned upon the Defendant's goo behavior and that he be placed on active probation for a period of eight (8) years.

On September 17, 1999, the Court revoked seven (7) years of the Defendant's suspended sentence and ORDERED the Defendant to serve seven (7) years with the Virginia Department of Corrections.

On September 17, 1999, an appeal bond was set at seven thousand five hundred ($7,500.00) dollars and the Defendant made bond and was released on bond pending appeal. All appeals have now been heard and th sentence set at the revocation hearing has been affirmed.

The Defendant has exhausted all appeals and he has failed to turn himself in to serve his sentence.

A hearing was scheduled by the Court for August 9, 2004. Counsel for both the Defendant and the Commonwealth appeared, but the Defendant did not appear.

sen
70

Therefore, in the name of the Commonwealth of Virginia, I command you to apprehend MICHAE KESELICA and bring him before the Judge of our Circuit Court of Fairfax County, Virginia, FORTHW to be further dealt with according to law.

You are **ORDERED** to file a return reflecting how you have executed this Bench Warrant.

Given under my hand and seal of this Court on August 16, 2004.

It is recommended that the Defendant be held without bond until set by Circuit Court.

JUDGE STANLEY P. KLEIN

**(EXECUTE AND RETURN THE ORIGINAL)**

Executed this ____________ day of ______________, ______.

By: ________________________________________________

sen
70

11|30

VIRGINIA:

## IN THE CIRCUIT COURT OF FAIRFAX COUNTY

## RULE TO SHOW CAUSE

COMMONWEALTH OF VIRGINIA CRIMINAL NO. 87970

COUNTY OF FAIRFAX:

RE: MICHAEL GEORGE KESELICA
SSN. -9967
RACE: white SEX: Male
DOB /59
HEIGHT: 6'0"
WEIGHT: 190
COLOR HAIR: brown
COLOR EYES: blue
FBI NO.: none
CCRE: VA 985721

Last Known Address:

Newport, Rhode Island 02840

To any Sheriff or Police Officer, Greetings:

On February 8, 1995, the Defendant, MICHAEL GEORGE KESELICA, was convicted in the Circuit Court of Fairfax County, Virginia, of the felony of EMBEZZLEMENT. On April 21, 1995, MICHAEL GEORGE KESELICA was sentenced to serve twelve (12) years in the Penitentiary House of this Commonwealth and pay the costs of this case. All but thirty (30) months of the sentence were suspended conditioned upon the Defendant's good behavior and that he be placed on active probation, subject to the Conditions of Probation, for eight (8) years upon his release from confinement, to be supervised by the Probation and Parole Office District #29 in Fairfax, Virginia. The Court further ordered, as special conditions of his probation, that the Defendant enter and successfully complete any drug counseling, drug testing, drug treatment or mental health programs as recommended to him by the Probation Officer, that he pay restitution in accordance with the restitution plan that was submitted to the Court, and that he participate in the Aftercare Program at Suburban Hospital in Bethesda, Maryland.

On June 16, 1995, this case came before the Court on the Defendant's motion to reconsider the sentence imposed on April 21, 1995, which motion the Court granted. The Court ordered that the sentence imposed on April 21, 1995, to wit: twelve (12) years in the Penitentiary House of this Commonwealth with all but thirty (30) months suspended, be reduced to twelve (12) years in the Penitentiary House of this Commonwealth with

7/jr
20

all but one (1) year and three hundred sixty-four (364) days suspended. All other terms and conditions of the final order entered on May 4, 1995, remained in full force and effect.

On September 17, 1999, the Defendant appeared before this Court for a Show Cause hearing. The Court ordered that seven (7) years of the suspended sentence be revoked and ordered into execution. The Court ordered that MICHAEL GEORGE KESELICA serve seven (7) years with the Virginia Department of Corrections and pay the costs of this case. The Court further ordered that the balance of the restitution be reduced to a judgment.

Counsel for the Defendant moved the Court to set an appeal bond, which motion the Court, after hearing argument granted. The Court ordered that an appeal bond be set in the amount of $ 7, 500.00 cash. On September 23, 1999, the Defendant posted the appeal bond in the amount of $ 7,500.00 cash.

It has been reported to this Court by Christine J. Bourcy, Probation Officer of this Court, that MICHAEL GEORGE KESELICA has violated the terms of his probation:

**Special Condition:** Pay restitution in accordance with the restitution plan
The defendant has made no restitution payments since the September 17, 1999 show cause hearing.

**Condition # 4:** To submit in person or by mail a written report at the end of each month to my Probation and Parole Officer on furnished forms and will report as otherwise instructed;

The Defendant has failed to maintain contact either by telephone or by written report with this Officer since his release from confiriement, on the appeal bond, on September 23, 1999.

and the Defendant has not been of good behavior.

Therefore, in the name of the Commonwealth of Virginia, I command you to summons MICHAEL GEORGE KESELICA to appear before the Judge of our Circuit Court of Fairfax County, Virginia, at the Judicial Center, 4110 Chain Bridge Road, Fairfax, Virginia, on December 17, 1999 at 10:00 a.m. to show cause, if any he can, why he has failed to make restitution payments and maintain contact with his Probation Officer in this case, and to be further dealt with according to law.

You are **ORDERED** to file a return reflecting how you have executed this Rule to Show Cause.

Given under my hand and seal of this Court on November 30, 1999.

JUDGE STANLEY P. KLEIN

K/ljr
270

RETURN TO:
John T. Frey, Clerk
Circuit Court of Fairfax County
Fairfax County Judicial Center
4110 Chain Bridge Road
Fairfax, Virginia 22030
ATTENTION: Laurie J. Ralph

C/ljr
70

11/(?)

# COMMONWEALTH of VIRGINIA

*Department of Corrections*
*Probation and Parole*
*District 29*

10398 DEMOCRACY LANE, SUITE 101
FAIRFAX, VIRGINIA 22030
TELEPHONE: 703/934-0880
FAX: 703/934-5878
703/934-1599

November 16, 1999

The Honorable Stanley P. Klein
Fairfax County Circuit Court
The Jennings Building
4110 Chain Bridge Road
Fairfax, Virginia 22030

**Re:** Michael Kesselica
**Case No.:** 87970

Dear Judge Klein:

Per your instructions, this defendant's conditions of probation are to remain in effect while he is out pending appeal. To date, I have left two messages at his home in Rhode Island. In addition, I sent him a letter, both to his Rhode Island address and his Gaithersburg, Maryland address. In the past, it has taken the defendant a few days before responding, however, there has been no contact from the defendant.

At this time I must report to Your Honor that I do not know the defendant's whereabouts. I have not had any contact with him since his Court date on September 17, 1999. He also has not submitted any restitution payments.

Please advise what action you wish to take in this matter. The above is respectfully submitted for the Court's information and consideration.

Christine J. Bourcy
Probation and Parole Officer

Reviewed By:
Cc:
Commonwealth Attorney: Robert F. Horan Jr.
Defense Attorney: John Zwerling

Rule
SPK

10/22/99

VIRGINIA:

IN THE CIRCUIT COURT OF FAIRFAX COUNTY

| | | |
|---|---|---|
| COMMONWEALTH OF VIRGINIA | ) | CRIMINAL NO. 87970 |
| VERSUS | ) | |
| MICHAEL GEORGE KESELICA | ) | INDICTMENT - EMBEZZLEMENT |

FINAL ORDER

On September 17, 1999, the Commonwealth's Attorney, the Defendant, MICHAEL GEORGE KESELICA, and John Zwerling, Counsel for the Defendant, appeared before this Court. The Defendant is convicted of the felony of EMBEZZLEMENT and he appeared while on probation.

On February 8, 1995, the Defendant, MICHAEL GEORGE KESELICA, was convicted in the Circuit Court of Fairfax County, Virginia, of the felony of EMBEZZLEMENT. On April 21, 1995, MICHAEL GEORGE KESELICA was sentenced to serve twelve (12) years in the Penitentiary House of this Commonwealth and pay the costs of this case. All but thirty (30) months of the sentence were suspended conditioned upon the Defendant's good behavior and that he be placed on active probation, subject to the Conditions of Probation, for eight (8) years upon his release from confinement, to be supervised by the Probation and Parole Office District #29 in Fairfax, Virginia. The Court further ordered, as special conditions of his probation, that the Defendant enter and successfully complete any drug counseling, drug testing, drug treatment or mental health programs as recommended to him by the Probation Officer, that he pay restitution to Mr. and Mrs. Winstead in accordance with the restitution plan that was submitted to the Court regardless or any restitution ordered in Montgomery County, Maryland, and that he participate in the Aftercare Program at Suburban Hospital in Bethesda, Maryland.

On June 16, 1995, this case came before the Court on the Defendant's motion to reconsider the sentence imposed on April 21, 1995, which motion the Court granted. The Court ordered that the sentence imposed on April 21, 1995, to wit: twelve (12) years in the Penitentiary House of this Commonwealth with all but thirty (30) months suspended, be reduced to twelve (12) years in the Penitentiary House of this Commonwealth with

7/jr
70

all but one (1) year and three hundred sixty-four (364) days suspended. All other terms and conditions of the final order entered on May 4, 1995, remained in full force and effect; all of which is reflected by prior orders of this Court in this case.

It was reported to the Court that the Defendant had violated the terms of his probation. The Court brought the Defendant in Court today and ordered him to show cause why the suspended sentence should not be revoked. The Defendant denied the violations, as alleged.

The Court heard all of the evidence presented and argument of Counsel. In consideration, the Court **ORDERED** that seven (7) years of the suspended sentence be revoked and ordered into execution. The Court **ORDERED** that MICHAEL GEORGE KESELICA serve seven (7) years with the Virginia Department of Corrections and pay the costs of this case.

The Court further **ORDERED** that the balance of the restitution be reduced to a judgment. The Court **ORDERED** that the balance of the restitution owed be reduced to a judgment in favor of the Commonwealth of Virginia against the Defendant, MICHAEL GEORGE KESELICA, in the amount of $ 25, 310.81 plus interest at the judgment rate from the date of judgment.

Counsel for the Defendant moved the Court to set an appeal bond, which motion the Court, after hearing argument granted.

The Court **ORDERED** that an appeal bond be set in the amount of $ 7, 500.00 cash.

The Court further **ORDERED,** that in the event of an appeal in this case, a transcript of the relevant proceedings including the April 21, 1995 sentencing hearing, shall be made a part of the record and forwarded to the Court of Appeals.

The fee of the Court Reporter who recorded the evidence and incidents of trial in this case is assessed as costs, as provided in § 19.2-165 of the 1950 Code of Virginia, as amended.

The Court certifies that at all times during the revocation hearing, the Defendant was personally present and his Attorney was likewise personally present and capably represented the Defendant.

The Defendant was remanded to the custody of the Sheriff.

Entered on October 22, 1999.

JUDGE STANLEY P. KLEIN

Ajr
70

V I R G I N I A:

IN THE CIRCUIT COURT OF FAIRFAX COUNTY

| | | |
|---|---|---|
| COMMONWEALTH OF VIRGINIA | ) | CRIMINAL NO. 87970 |
| VERSUS | ) | |
| MICHAEL GEORGE KESELICA | ) | INDICTMENT - EMBEZZLEMENT |

FINAL ORDER

On June 16, 1995, the Commonwealth's Attorney, the Defendant, MICHAEL GEORGE KESELICA, and John K. Zwerling, Counsel for the Defendant, appeared before this Court. The Defendant is convicted of the felony of EMBEZZLEMENT.

This case came on this day for argument on the Defendant's motion to reconsider the sentence imposed on April 21, 1995, which motion the Court, after hearing argument, granted. The Court ORDERED that the sentence imposed on April 21, 1995, to wit: twelve (12) years in the Penitentiary House of this Commonwealth with all but thirty (30) months suspended, be reduced to twelve (12) year in the Penitentiary House of this Commonwealth with all but one (1) year and three hundred sixty-four (364) days suspended. All other terms and conditions of the Final Order entered on May 4, 1995, remain in full force and effect.

The fee of the Court Reporter who recorded the evidence and incidents of trial in this case is assessed as costs, as provided in § 19.2-165 of the 1950 Code of Virginia, as amended.

Entered on June 26, 1995.

JUDGE STANLEY P. KLEIN

197

VIRGINIA:

IN THE CIRCUIT COURT OF FAIRFAX COUNTY

COMMONWEALTH OF VIRGINIA ) CRIMINAL NO. 87970

VERSUS )

MICHAEL GEORGE KESELICA ) INDICTMENT - EMBEZZLEMENT

FINAL ORDER
JURY TRIAL

On April 21, 1995, the Commonwealth's Attorney, the Defendant,
MICHAEL GEORGE KESELICA, and John Zwerling and Kyle O'Dowd, Counsel for
the Defendant, appeared before this Court. The Defendant is convicted of
the felony of EMBEZZLEMENT and he appeared while in custody.

The Probation Officer of this Court, to whom this case had been
referred for investigation, appeared in open Court with a written report.
Copies of the report were previously furnished to Counsel for the
Defendant, the Commonwealth's Attorney and the Court. Counsel for the
Defendant advised the Court that he had discussed the report with the
Defendant and the Defendant was fully advised of the contents.

The accused and his Counsel were given the right to cross-examine
the Probation Officer as to any matter contained in the report and to
present any additional facts. The report of the Probation Officer was
filed and made a part of the record of this case.

It was demanded of MICHAEL GEORGE KESELICA if anything he knew or
had to say why the Court should not pass sentence and judgment upon him.
Nothing was offered or alleged in delay of judgment.

The Court ORDERED that the Defendant serve twelve (12) years in the
Penitentiary House of this Commonwealth and pay the costs of this case.
In mitigation of punishment and it appearing compatible with the public

interest to do so, the Court suspended all but thirty (30) months of the sentence for a period of eight (8) years conditioned upon the Defendant's good behavior and that he be placed on active probation subject to the Conditions of Probation for a period of eight (8) years upon his release from confinement, to be supervised by the Probation and Parole Office District #29 in Fairfax, Virginia. The Court further **ORDERED**, as special conditions of his probation, that the Defendant enter and successfully complete any drug counseling, drug testing, drug treatment or mental health programs recommended to him by the Probation Officer, that he pay restitution in accordance with the restitution plan that was submitted to the Court, and that he participate in the Aftercare Program at Suburban Hospital in Bethesda, Maryland.

The Court **ORDERED** that the thirty (30) month sentence imposed be served in the Sheriff's Work Release Program and that the Defendant participate in the Sheriff's Intensive Addictions Program during his incarceration, if it does not interfere with his work commitments.

The Court **ORDERED**, that upon his release from confinement as an additional condition of his probation, the Defendant is to be maintained on home incarceration for a period of six (6) months, to be monitored by the Probation and Parole Office, with random telephone calls to be placed to the Defendant's home. The Defendant is to remain in his home at all times with the exception of travelling to and from work, to and from church, to and from any programs he is attending in connection with Aftercare or programs recommended to him by the Probation Officer, and to and from coaching community team sports. The Court further **ORDERED** that the Defendant is to have a sponsor if he continues to coach for the community sports leagues who must agree to be responsible for answering inquiries from the Probation Officer about the Defendant's whereabouts at times that he is reporting he will be coaching community sports leagues. The Court **ORDERED** that the Defendant is to report to the Probation and Parole Office in writing every two weeks to set forth the times and purposes for which he requests to be outside his home for the upcoming two (2) weeks, consistent with the limitations set forth in this Order.

The fee of the Court Reporter who recorded the evidence and incidents of trial in this case is assessed as costs, as provided in § 19.2-165 of the 1950 Code of Virginia, as amended.

jr

The Court certifies that at all times during trial, the Defendant was personally present and his Attorney was likewise personally present and capably represented the Defendant.

The Defendant was remanded to the custody of the Sheriff.

Entered on May 4, 1995.

JUDGE STANLEY P. KLEIN

DOB: 05/11/59
DOO: 05/01/90

:/1j
170

V I R G I N I A:

IN THE CIRCUIT COURT OF FAIRFAX COUNTY

COMMONWEALTH OF VIRGINIA ) CRIMINAL NO. 87970
VERSUS )
MICHAEL GEORGE KESELICA ) INDICTMENT - EMBEZZLEMENT

On February 8, 1995, the Commonwealth's Attorney, the Defendant, MICHAEL GEORGE KESELICA, and Robert L. Deichmeister, Counsel for the Defendant, appeared before this Court. The Defendant is indicted for the felony of EMBEZZLEMENT and he appeared while on bond.

The Defendant was arraigned upon the indictment and the Defendant entered a plea of not guilty.

The Court, Commonwealth's Attorney, the Defendant and Counsel for the Defendant agreed that this would be a bifurcated trial.

Twenty veniremen were sworn and examined on their voir dire and found to be competent and qualified jurors. The Commonwealth's Attorney and Counsel for the Defendant alternately struck the names of four of the veniremen. The remaining twelve constituted the Jury and were sworn.

The Jury heard opening statements of the Commonwealth's Attorney and of Counsel for the Defendant and all of the evidence presented by the Commonwealth.

At the conclusion of the evidence presented, Counsel for the Defendant moved the Court to strike the evidence presented by the Commonwealth. The Court, after hearing argument, denied the motion.

Counsel for the Defendant advised the Court that the Defendant wished to withdraw the previous plea of not guilty and wished to enter a plea of guilty.

DD

/ljr
70

The Defendant was re-arraigned upon the indictment, and the Defendant, in person and in writing signed by him, entered a plea of guilty. The Court accepted the plea of guilty and made it part of the record after making specific inquiries of the Defendant and determining that the plea was made voluntarily and with full understanding of the nature of the charge and the consequences of the plea.

In consideration of the Defendant's plea of guilty and the evidence heard, the Court found MICHAEL GEORGE KESELICA guilty of EMBEZZLEMENT as charged.

The Court granted the Defendant's motion to refer this case to the District Probation Officer for investigation and report before sentencing. This case was continued to April 21, 1995 at 10:00 a.m., for sentencing.

Counsel for the Defendant moved the Court to continue the Defendant on bond, which motion the Commonwealth's Attorney objected to, and the Court after hearing argument, denied the motion.

The Court ORDERED that any bond previously set in this case be revoked.

The Jury was recalled and discharged.

The Defendant was remanded to the custody of the Sheriff.

ENTERED on February 10, 1995.

JUDGE STANLEY P. KLEIN

C/ljr
970

VIRGINIA:

IN THE CIRCUIT COURT OF FAIRFAX COUNTY

January 17, 1995

| | | |
|---|---|---|
| COMMONWEALTH OF VIRGINIA | ) | |
| | ) | INDICTMENT FOR |
| vs. | ) | |
| | ) | EMBEZZLEMENT |
| MICHAEL GEORGE KESELICA | ) | |

The Grand Jurors of the Commonwealth of Virginia, in and for the body of the County of Fairfax, and now attending the said Court at its January Term, 1995, charges that: On or about the 1st day of May, 1990, and continuing through the 30th day of November, 1990, in the County of Fairfax, Michael George Keselica did unlawfully and feloniously, wrongfully and fraudulently with intent to deprive permanently the owner thereof, embezzle good and lawful currency of the United States in excess of $200.00, property of Robert A. and Elta Winstead, by virtue of his office, trust or employment.

Va. Code §18.2-111

A True Bill ✓

No True Bill

[signature]

FOREMAN

Witnesses subpoenaed, sworn and available to testify before the Grand Jury:

Det. P. L. Dawson, Fairfax County Police Dept.

CITY OR COUNTY

☐ Juvenile and Domestic Relations District Court

TO ANY AUTHORIZED OFFICER:

You are hereby commanded in the name of the Commonwealth of Virginia forthwith to arrest and bring the Accused before this Court to answer the charge that the Accused, within this city or county, on or about 5/90 thru 11/90 (DATE) did unlawfully and feloniously in violation of Section 18.2-111, Code of Virginia:

WRONGFULLY AND FRAUDULENTLY (USE), (DISPOSE OF), (CONCEAL), (EMBEZZLE), MONETARY FUNDS [ MONEY ], OF A VALUE GREATER THEN $ 200.00, WHICH HE RECEIVED FOR ( ROBERT A. WINSTEAD & ELTA WINSTEAD ), BY VIRTUE OF HIS OFFICE, TRUST OR EMPLOYMENT, WHICH WAS ( ENTRUSTED ) OR ( DELIEVERED ) TO HIM BY ROBERT A. WINSTEAD & ELTA WINSTEAD.

I, the undersigned, have found probable cause to believe that the Accused committed the offense charged, based on the sworn statements of

DET. P. L. DAWSON, JR. #1829, FAIRFAX CO. P. D. , Complainant.

11/13/94 7:45 PM (DATE AND TIME ISSUED) — William [signature] 007 ☐ CLERK ☒ MAGISTRATE ☐ JUDGE

FORM DC-312 4/93 (114:3-021 1/94)

ACCUSED:

KESELICA, MICHAEL GEORGE (LAST NAME, FIRST NAME, MIDDLE INITIAL)

[illegible] (ADDRESS/LOCATION)

GAITHERSBURG, MD. 20879

AKA:

COMPLETE DATA BELOW IF KNOWN

| RACE | SEX | NO. | BORN DAY | YR. | HT FT. | HT IN. | WGT. | EYES | HAIR |
|---|---|---|---|---|---|---|---|---|---|
| W | M | | | 59 | 6 | 00 | 190 | BL | BN |

SSN [illegible] 9967

Commonwealth of Virginia

## WARRANT OF ARREST

FELONY

☒ EXECUTED by arresting the Accused named above on this day:

11/14/94 @ 1058 hrs (DATE AND TIME)

Det. P.L. Dawson, JR (ARRESTING OFFICER)

#1829 Fairfax Co. PD (BADGE NO., AGENCY AND JURISDICTION)

for ________ SHERIFF

Attorney for the Accused:

§ 18.2-111. Embezzlement deemed larceny; indictment.

If any person wrongfully and fraudulently use, dispose of, conceal or embezzle any money, bill, note, check, order, draft, bond, receipt, bill of lading or any other personal property, tangible or intangible, which he shall have received for another or for his employer, principal or bailor, or by virtue of his office, trust, or employment, or which shall have been entrusted or delivered to him by another or by any court, corporation or company, he shall be guilty of embezzlement. Proof of embezzlement shall be sufficient to sustain the charge of larceny. Any person convicted hereunder shall be deemed guilty of larceny and may be indicted as for larceny and upon conviction shall be punished as provided in § 18.2-95 or § 18.2-96.

(Code 1950, § 18.1-109; 1960, c. 358; 1975, cc. 14, 15; 1979, c. 349; 1994, c. 555; 2003, c. 733.)

---

Go to General Assembly Home

**Fairfax County Police**




**Michael G. Keselica, W/M, DOB 1959, SSN 9967,**

**FCN , Photograph taken November 14, 1994.**

LEAVE BLANK

TYPE OR PRINT ALL INFORMATION IN BLACK

FBI LEAVE BLANK

LAST NAME NAM: Keselica
FIRST NAME: Michael
MIDDLE NAME: George

STATE USAGE

ALIASES: Mike

CONTRIBUTOR ORI: VA0290100 COUNTY PD FAIRFAX, VA

SIGNATURE OF PERSON FINGERPRINTED

DATE OF BIRTH DOB Year 59

THIS DATA MAY BE COMPUTERIZED IN LOCAL, STATE AND NATIONAL FILES

DATE: 11/14/94
SIGNATURE OF OFFICIAL TAKING FINGERPRINTS: Dawson, Jr.

DATE ARRESTED OR RECEIVED DOA: 11/14/94

SEX: M
RACE: W
HGT.: 6'00"
WGT.: 190
EYES: Blu
HAIR: Blu
PLACE OF BIRTH POB: Oak Park, IL

YOUR NO. OCA: 1016004

LEAVE BLANK

CHARGE: Embezzlement

FBI NO. FBI

CLASS.

SID NO. SID

REF.

SOC

FINAL DISPOSITION

NCIC CLASS - FPC

CAUTION

Broken finger



# FEDERAL BUREAU OF INVESTIGATION, UNITED STATES DEPARTMENT OF JUSTICE
WASHINGTON, D.C. 20537

PALM PRINTS TAKEN? YES [X] NO [ ]

PHOTO AVAILABLE? YES [X] NO [ ]

IF ARREST FINGERPRINTS SENT FBI PREVIOUSLY AND FBI NO. UNKNOWN, FURNISH ARREST NO. ____________ DATE ____________

STATUTE CITATION (SEE INSTRUCTIONS NO. 9) CIT
1. 18.2-111
2.
3.

ARREST DISPOSITION (SEE INSTRUCTION NO. 5) ADN

EMPLOYER: IF U.S. GOVERNMENT, INDICATE SPECIFIC AGENCY. IF MILITARY, LIST BRANCH OF SERVICE AND SERIAL NO.
Unemployed

OCCUPATION

RESIDENCE OF PERSON FINGERPRINTED
Gaithersburg, MD. 20879

SCARS, MARKS, TATTOOS, AND AMPUTATIONS SMT
Scars - Left Eye Brow
Left Upper Arm

BASIS FOR CAUTION ICO

DATE OF OFFENSE DOO
5/90 - 11/90

SKIN TONE SKN
Light

MISC. NO. MNU

ADDITIONAL INFORMATION



FD-249

## INSTRUCTIONS

1. UNLESS OTHERWISE PROVIDED BY REGULATION IN YOUR STATE, FINGERPRINTS ARE TO BE SUBMITTED DIRECTLY TO FBI IDENTIFICATION DIVISION. FORWARD IMMEDIATELY FOR MOST EFFECTIVE SERVICE.
2. FINGERPRINTS SHOULD BE SUBMITTED BY ARRESTING AGENCY ONLY (MULTIPLE PRINTS ON SAME CHARGE SHOULD NOT BE SUBMITTED BY OTHER AGENCIES SUCH AS JAILS, RECEIVING AGENCIES ETC.) REQUESTS COPIES OF FBI IDENTIFICATION RECORD FOR ALL OTHER INTERESTED AGENCIES IN BLOCK BELOW. GIVE COMPLETE MAILING ADDRESS INCLUDING ZIP CODE.
3. TYPE OR PRINT ALL INFORMATION.
4. NOTE AMPUTATIONS IN PROPER FINGER BLOCKS.
5. LIST FINAL DISPOSITION IN BLOCK ON FRONT SIDE. IF NOT NOW AVAILABLE, SUBMIT LATER ON FBI FORM R-84 FOR COMPLETION OF RECORD. IF FINAL DISPOSITION NOT AVAILABLE SHOW PRE-TRIAL OR ARRESTING AGENCY DISPOSITION e.g., RELEASED, NO FORMAL CHARGE, BAIL, TURNED OVER TO, IN THE ARREST DISPOSITION BLOCK PROVIDED ON THIS SIDE.
6. MAKE CERTAIN ALL IMPRESSIONS ARE LEGIBLE, FULLY ROLLED AND CLASSIFIABLE.
7. CAUTION - CHECK BOX ON FRONT IF CAUTION STATEMENT INDICATED. BASIS FOR CAUTION (ICO) MUST GIVE REASON FOR CAUTION, e.g., ARMED AND DANGEROUS, SUICIDAL, ETC.
8. MISCELLANEOUS NUMBER (MNU) - SHOULD INCLUDE SUCH NUMBERS AS MILITARY SERVICE, PASSPORT AND/OR VETERANS ADMINISTRATION (IDENTIFY TYPE OF NUMBER.)
9. PROVIDE STATUTE CITATION, IDENTIFYING SPECIFIC STATUTE (example - PL for PENAL LAW) AND CRIMINAL CODE CITATION INCLUDING ANY SUB-SECTIONS.
10. ALL INFORMATION REQUESTED IS ESSENTIAL.
11. PRIVACY ACT OF 1974 (P.L. 93-579) REQUIRES THAT FEDERAL, STATE, OR LOCAL AGENCIES INFORM INDIVIDUALS WHOSE SOCIAL SECURITY NUMBER IS REQUESTED WHETHER SUCH DISCLOSURE IS MANDATORY OR VOLUNTARY, BASIS OF AUTHORITY FOR SUCH SOLICITATION, AND USES WHICH WILL BE MADE OF IT.

REPLY DESIRED? YES [ ] NO [ ]

(REPLY WILL BE SENT IN ALL CASES IF SUBJECT FOUND TO BE WANTED)

IF COLLECT WIRE OR COLLECT TELEPHONE REPLY DESIRED, INDICATE HERE: (WIRE SENT ON ALL UNKNOWN DECEASED)

WIRE REPLY [ ] TELEPHONE REPLY [ ] TELEPHONE NO. AND AREA CODE ____________

SEND COPY TO: NAME ORI NUMBER AND ADDRESS

LEAVE BLANK

☆ U.S.G.P.O. 1982 312-322/40013