UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MICHAEL KESELICA, Petitioner, :
v. : CA 07-67 T
A.T. WALL, Respondent. :

**REPORT AND RECOMMENDATION**

David L. Martin, United States Magistrate Judge

This is an action for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Michael Keselica ("Petitioner"), a prisoner at the Adult Correctional Institutions ("ACI") in Cranston, Rhode Island. See Petition for Writ of Habeas Corpus Subsection 2241 (Document ("Doc.") #1) ("Petition"). Before the Court are four motions filed by Petitioner:

1) Petitioner's Motion for Emergency Injunctive Relief (Doc. #2);

2) Petitioner's Motion for Immediate Stay of Execution of Rhode Island Governor Donald L. Carcieri's Rendition Warrant (Doc. #3);

3) Petitioner's Motion to Set Bail or Grant Petitioner's Release to Home Incarceration (Doc. #4); and

4) Petitioner's Supplemental Request for Stay of State Extradition Proceedings (Doc. #6) (collectively the "Motions"). For the reasons stated herein, I recommend that the Motions be denied and that the Petition be dismissed.

**Background**

Petitioner has been held at the ACI since August 3, 2006, as a fugitive from justice. This is the fourth action he has filed in this Court challenging, directly or indirectly, efforts

to extradite him to Virginia. The prior actions are listed below.

1. Keselica v. McCauley, et al., CA 06-448 ML ("Keselica I"). This was a petition for a writ of habeas corpus pursuant to § 2254. The action was dismissed on January 19, 2007, when Chief Judge Mary M. Lisi accepted the Report and Recommendation of this Magistrate Judge.

2. Keselica v. Carcieri, et al., CA 06-490 S ("Keselica II"). This was a civil rights action pursuant to 42 U.S.C. §§ 1983 and 1985. It was dismissed on December 27, 2006, by District Judge William E. Smith, following his acceptance of a Report and Recommendation from this Magistrate Judge.

3. Keselica v. Carcieri, et al., CA 07-026 ML ("Keselica III"). This was another action brought pursuant to §§ 1983 and 1985. It was dismissed on February 13, 2007, when Chief Judge Lisi accepted the January 30, 2007, Report and Recommendation of Senior U.S. Magistrate Judge Jacob Hagopian.

In addition to the above actions, Petitioner has also filed petitions for a writ of habeas corpus in the Rhode Island superior and supreme courts. These petitions have been denied or dismissed. The instant Petition was filed in this Court on February 20, 2007.

**Facts**

The Court states only those facts which its deems necessary to make a recommendation regarding the instant Motions and Petition. For additional facts the reader is referred to this Magistrate Judge's Memorandum and Order Denying Six Motions Filed by Petitioner (Doc. #15) ("Memorandum and Order of 12/8/06") and Report and Recommendation of December 19, 2006 (Doc. #19), in Keselica I; his Report and Recommendation of December 4, 2006 (Doc. #6), in Keselica II; and the Agreed Upon Statement of Facts ("Agreed Facts") attached as Exhibit ("Ex.") 1 to the Petition in

the instant action ("Keselica IV").

1. On February 8, 1995, Petitioner pled guilty to felony embezzlement in the Circuit Court of Fairfax County, Virginia (the "trial court"). See Agreed Facts ¶ 2.

2. On April 21, 1995, he was sentenced to twelve years incarceration with the Virginia Department of Corrections with thirty months to serve and the balance suspended along with eight years of probation. See Agreed Facts ¶ 2; see also Keselica v. Commonwealth, 537 S.E.2d 611, 612 n.1 (Va. Ct. App. 2000).

3. On June 16, 1995, the trial court granted Petitioner's motion to reconsider the sentence and modified it to two years in work release along with restitution payments of $1,000.00 per month. See Agreed Facts ¶ 3.

4. On November 29, 1995, Petitioner was paroled from prison and began serving the probationary portion of his sentence. See id. ¶ 4.

5. On September 17, 1999, Petitioner appeared in the trial court for a violation of probation hearing because it was alleged that he had missed several restitution payments and had not been cooperative and honest with his probation officer. See id. ¶ 5; see also Keselica v. Commonwealth, 537 S.E.2d at 612.

6. At the conclusion of the violation hearing Petitioner was found to have violated these conditions of probation, and the trial court ordered that seven years of the suspended sentence be revoked and ordered into execution. See Keselica I, Objection to Motion to Invoke Jurisdiction (Doc. #13), Ex. 4 (Final Order entered 10/22/99) at 2.

7. Petitioner moved for an appeal bond, and the trial court set that bond in the amount of $7,500 cash. See id. Petitioner was remanded to the custody of the sheriff. See id.

8. On September 23, 1999, Petitioner posted the appeal bond and was released. See Keselica I, Objection to Motion to Invoke

Jurisdiction (Doc. #13), Ex. 5 (Rule to Show Cause entered 11/30/99) at 2.

9. Petitioner's appeal of the violation of probation was denied on November 28, 2000. See Keselica v. Commonwealth, 537 S.E.2d 611 (Va. Ct. App. 2000).

10. Following the denial of his appeal, Petitioner failed to turn himself in to serve his sentence. See Keselica I, Objection to Motion to Invoke Jurisdiction, Ex. 6 (Bench Warrant dated 8/16/99) at 1.

11. Petitioner failed to appear for a hearing in the trial court on August 9, 2004, and the trial court subsequently issued a bench warrant for Petitioner. See id.

**Discussion**

In his handwritten forty-one[1] page Petition, Petitioner makes several overlapping and interrelated arguments as to why he should not be extradited to Virginia. None have any merit.

Petitioner asserts that he "cannot be deemed a fugitive from justice because Virginia allowed Petitioner to return to Maryland on an appeal bond and then returned Petitioner's appeal bond to him without requesting or requiring Petitioner to return to Virginia to finish serving a 7 year sentence."[2] Petition at 13.

---

[1] Although Petitioner's page numbers extend to page 42, there is no page 35.

[2] Petitioner initially cites Exhibit 11 to the Petition as support for his claim that the bond was returned to him. See Petition at 13. While Exhibit 11 appears to be a photocopy of the appeal bond, there is nothing on the face of this document which indicates that the bond was returned to Petitioner.

Petitioner later cites to Exhibit 14 to the Petition as support for this claim. See Petition at 20. While Exhibit 14 is an order granting "Defendant's motion to return a third party cash appeal bond ...," Petition, Ex. 14 (Order entered 11/18/02), and the order states that "the third party cash appeal bond in the amount of $8,000.00 be returned to the firm of Zwerling & Kemler, P.C.," id., this does not entirely support Petitioner's claim that the bond was returned to him. Moreover, Petitioner provides no explanation for the discrepancy

He further asserts that by returning this appeal bond Virginia waived or forfeited any jurisdiction it may have had over him and that he cannot be deemed a fugitive from justice on the basis of the outstanding August 16, 2004, bench warrant to serve a seven year prison sentence. See Petition at 34. Even assuming that the bond was returned to Petitioner,[3] Petitioner's contention that by this act "Virginia relinquished all jurisdiction to enforce completion of his unexpired term of imprisonment ...," id., is completely baseless. It is not supported by the 135 year old case which he cites, Taylor v. Taintor, Treasurer, 83 U.S. 366, 21 L.Ed. 287 (1872), see Petition at 34, and this Court finds no support for this proposition.

Also completely without merit is Petitioner's repeated assertion that his seven year sentence "expired on September 17, 2006." Petition at 24, 27, 34. A prison sentence cannot "expire" without being fully served, and it is clear from the fact that Plaintiff never surrendered himself after his appeal was denied that he has not fully served this sentence. Furthermore, the actual computation of Petitioner's sentence is a matter of state law and is not cognizable under 28 U.S.C. § 2254 or § 2241. See Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S.Ct. 475, 480 (1991)("Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.").

Petitioner contends that Virginia should have pursued extradition through R.I. Gen. Laws § 12-9-8 and not R.I. Gen.

---

between the amount of the cash bond which was posted ($7,500.00) and the amount of bond which was ordered returned to law firm on November 18, 2002 ($8,000.00).

[3] See n.2.

Laws § 12-9-3. See Petition at 10. Petitioner also argues more generally that the documents which have been submitted in support of the request for his extradition do not satisfy the requirements of the Uniform Criminal Extradition Act ("UCEA") (R.I. Gen. Laws §§ 12-9-1 to 12-9-35 (2002 Reenactment). See Petition at 6-10. However, these are state statutes, and federal habeas corpus relief does not lie for errors of state law, Evans v. Verdini, 466 F.3d 141, 145 (1st Cir. 2006); Kater v. Maloney, 459 F.3d 56, 61 (1st Cir. 2006)("Errors based on violations of state law are not within the reach of federal habeas petitions unless there is a federal constitutional claim raised."). Thus, to the extent that Petitioner bases his claim for relief on the ground that Virginia failed to comply with the applicable Rhode Island state law in requesting his extradition, this argument fails.

Even if this claim were cognizable in the instant action, the Court finds that the alleged deficiencies cited by Petitioner are insubstantial. Petitioner complains that a document[4] signed by Virginia Deputy Commonwealth Attorney Raymond F. Morrogh in connection with the extradition request contains intentional misstatements of fact. See Petition at 11 (citing Ex. 3 (Requisition Request)). Only three of these alleged misstatements warrant any discussion: a) that Petitioner was in Virginia at the time of the commission of the crime, see id.; b) that no other application has been made for his requisition "growing out of the same transaction herein alleged," Petition at 12 (quoting Ex. 3 ¶ 5); and c) that "[t]he nature of the crimes with which the said fugitive is charged are Violation of Probation on an original charge of Embezzlement and a Show Cause why his suspended sentence should not be imposed ...," id., Ex. 3 ¶ 8.

---

[4] Petitioner refers to this document as the requisition affidavit. See Petition at 11 .

With regard to Petitioner's location at the time he committed the crime, the Virginia Court of Appeals addressed this issue when it affirmed Petitioner's embezzlement conviction. See Keselica v. Commonwealth, 480 S.E.2d 756 (1997). In that appeal Petitioner argued that the trial court lacked jurisdiction because he allegedly gained lawful possession of the victims' money and did not convert or form the intent to convert the funds until later when he was in Maryland. See id. at 757. He contended that no elements of the offense were committed in Virginia and that the trial court lacked subject matter jurisdiction to prosecute the case. See id. In rejecting this argument, the Virginia Court of Appeals found that "while [Petitioner] was in Maryland, he used the telephone and the mails in a continuing scheme to solicit funds from the [victims] for the sole purpose of diverting their funds to his own use." Id. at 759. The court concluded that "[b]ecause [Petitioner] set in motion a criminal scheme the immediate result of which caused the intended harm in this state, Virginia had jurisdiction to try the case." Id. at 760. Given these facts, this Court finds the statement that Petitioner was in the state at the time of the commission of the crime to be, at most, a non-prejudicial error.[5]

---

[5] Petitioner also claims that he was not in Virginia when he committed any violation of probation. See Petition at 11. However, Petitioner appeared on September 17, 1999, in the Circuit Court of Fairfax County, Virginia, for a revocation of probation hearing. See Keselica I, Objection to Motion to Invoke Jurisdiction, Ex. 4 (Final Order) at 2. At the time Petitioner appeared, the condition of his probation requiring him to make restitution was still in effect and his failure to have made the restitution payments when due could reasonably be viewed as a continuing violation. See Keselica v. Commonwealth, 537 S.E.2d 611, 612 (Va. Ct. App. 2000)(noting that Petitioner had only made two payments in the eight months preceding the revocation hearing); id. at 612 n.2 (observing that Petitioner had paid $40,000, but still owed $25,310 on the day of the hearing).

Petitioner additionally contends that because he was in Maryland when he was untruthful with his Virginia probation officer during telephonic communication no violation of probation occurred in

As for the statement that no other application for has been made for Petitioner's requisition, it appears that Virginia has made three prior attempts to extradite Petitioner. See Memorandum of Law in Support of Objection to Petitioner's Motion to Set Bail or Grant Petitioner's Release to Home Incarceration, Petitioner's Motion for Immediate Stay of Execution of Rhode Island Governor Donald L. Carcieri's Rendition Warrant, and Petitioner's Motion for Emergency Injunctive Relief ("State's Mem.") at 4 n.5 (citing Agreed Facts). First, Maryland authorities arrested Petitioner at his Maryland home on June 21, 2001, as a fugitive from justice. See id. A Maryland court dismissed this complaint one month later because Virginia apparently did not obtain a Governor's Warrant within thirty days as the law required. See id. Second, Virginia officials placed a detainer on Petitioner, who was then serving a three year sentence in Maryland for violating the terms of probation related to a Maryland conviction, on December 30, 2001. See id. A Maryland court dismissed this complaint on February 17, 2004, apparently because Virginia once again did not obtain a Governor's Warrant within thirty days. See id. Third, Virginia sought to extradite Petitioner following his arrest one day later, on February 18, 2004, in Maryland. See id. Petitioner contested extradition through the filing of a habeas petition in Maryland state court, and, on June 4, 2004, a Maryland state court granted that petition. See State's Mem. at 4 n.5 (citing Agreed Facts).

This misstatement was fully argued in Petitioner's habeas corpus hearing in the Kent County Superior Court on January 5, 2007. See Petition, Ex. 7 (Transcript of 1/5/07 hearing before

---

Virginia. This is not necessarily so. It is not unreasonable to view the violation as occurring when the probation officer received the communication in Virginia.

Ragosta, J.) at 10-14, 27, 29. That court denied Petitioner's habeas corpus petition. See Petition, Ex. 7 (Transcript of 1/5/07 hearing before Ragosta, J.) at 31. Thereafter, Petitioner filed a petition for a writ of habeas corpus in the Rhode Island Supreme Court, see State's Mem. at 4, presumably raising this as well as his other issues. On February 15, 2007, the Rhode Island Supreme Court denied the petition. See id., Ex. 4 (Order of 2/15/07).

Additionally, Petitioner brought this issue to the attention of the Governor of Rhode Island by sending written communications to his office in August and again in October of 2006. See Keselica II, Complaint at 6.[6] After the Governor failed to grant Petitioner the relief he was seeking, Petitioner sued the Governor and the Attorney General of Rhode Island in Keselica II. See id. at 1. In the Complaint in that action, Petitioner cited alleged misstatements in the requisition warrant, making specific mention of the statement that no prior requests or applications for him had been made growing out of the same transaction alleged in the warrant. See id. at 6. Petitioner alleged that the Governor and the Rhode Island Attorney General knew or should have known by November 21, 2006, the date the Complaint in Keselica II was filed, that Petitioner's current restraint was "due to perjured statements made by the Office of the Commonwealth Attorney for Fairfax County, Virginia ...." Keselica II, Complaint at 9.

Thus, this is not a case where Rhode Island officials have been misled and have authorized Petitioner's extradition in the belief that all the statements in the extradition documents are

[6] The Complaint (Doc. #1) in Keselica II consists of a four page preprinted form and seven attached handwritten pages. The Court's citation to page 6 of the Complaint corresponds to page 2 of the handwritten attachments which has the heading "IV. Statement of Claim (continued)." Keselica II, Complaint at 7.

correct, including those which Petitioner claims are perjurious. Rather, the errors (or alleged errors) about which Petitioner complains have been fully brought to the attention of Rhode Island state officials and state courts. These state officials and state courts have apparently determined that notwithstanding the errors Petitioner should be returned to Virginia. This Court similarly sees no reason why the errors (or alleged errors) should prevent Plaintiff's extradition. Despite Petitioner's arguments to the contrary, in the circumstances of this case they are nonprejudicial. While the Court might reach a different conclusion if there were reason to believe that Petitioner's extradition had been authorized by Rhode Island state officials and courts without being aware of the misstatements in the extradition documents, that is not case here.

There is one additional point to be made before leaving this issue. With reference to the third alleged misstatement (i.e., that Petitioner is a fugitive from a charge of violation of probation and is wanted to show cause why his suspended sentence should not be imposed), Petitioner's complaint appears to be that Virginia actually wants him for the purpose of making him serve his seven year sentence and not, as stated in the requisition warrant, to show cause why his suspended sentence should not be imposed. See Petition at 13 ("Virginia is attempting to extradite Petitioner to finish serving a 7 year sentence ...."); id. at 26 (same). Petitioner claims that he "was not on probation in Virginia at any time after September 17, 1999 ...," Petition at 22; see also id. at 19, and seemingly contends that any warrants alleging a violation of probation after that date cannot be valid. Presumably, Petitioner also contends that he cannot be required to appear in Virginia to show cause why his suspended sentence should not be imposed because it was already imposed on September 17, 1999. Therefore, in Petitioner's view,

the third statement is false for these additional reasons. The Court is not so persuaded.

Whether Petitioner's probation ended on September 17, 1999, on some other date, or whether it is still in effect are all matters to be determined in Virginia. See New Mexico ex rel. Ortiz v. Reed, 524 U.S. 151, 153, 118 S.Ct. 1860, 1861 (1998)("In case after case we have held that claims relating to what actually happened in the demanding State, the law of the demanding State, and what may be expected to happen in the demanding state when the fugitive returns are issues that must be tried in the courts of that State, and not in those of the asylum State."); see also id. at 153-54, 118 S.Ct. at 1861-62 ("'To allow plenary review in the asylum state of issues that can be fully litigated in the charging state would defeat the plain purposes of the summary and mandatory procedures authorized by Art. IV, § 2.'")(quoting Michigan v. Doran, 439 U.S. 282, 290, 99 S.Ct. 530, 536 (1978)). Similarly, the question of whether Petitioner violated probation after September 17, 1999, and is facing new violation of probation charges in Virginia (as well as completion of the seven year sentence) is an issue for the Virginia courts and not for any court in Rhode Island.[7]

Another argument made by Petitioner is that the June 4, 2004, hearing in the Circuit Court for Washington County, Maryland, offered Virginia the opportunity to fully and fairly litigate the issue of whether Petitioner was a fugitive from

[7] On November 30, 1999, nine weeks after the Petitioner was released on the appeal bond, the trial court issued an order for him to be summonsed to show cause why he had failed to make restitution payments and maintain contact with his probation officer since being released on September 23, 1999. See Keselica I, Objection to Motion to Invoke Jurisdiction, Ex. 5 (Rule to Show Cause entered 11/30/99) at 2. It is unclear from the present record what transpired at the December 17, 1999, hearing.

justice for violating his Virginia probation. See Petition at 29. He asserts that the issue of whether he violated the terms of his probation was decided on June 4, 2004, in the Maryland court and that the decision which was favorable to him "constitutes an estoppel upon a reinvestigation of the same question ...." Id. at 32. The Court rejects this argument. Petitioner's assumption that Virginia had the opportunity to fully litigate the issue is flawed. Virginia has no obligation to appear in another state and litigate whether the person whose extradition its seeks is a fugitive. Indeed, the scheme of interstate rendition as set forth in the Constitution and the laws which Congress has enacted regarding extradition do not contemplate an appearance by the demanding state in the asylum state's courts. See New Mexico ex rel. Ortiz v. Reed, 524 U.S. at 153, 118 S.Ct. at 1861; see also id. (noting that demanding state was not a party at asylum state court hearing and that asylum state, which was defending the Governor's action, was at a considerable disadvantage).

Lastly, to the extent that the instant Petition seeks to challenge the validity of any of: 1) Petitioner's February 8, 1995, Virginia embezzlement conviction; 2) the September 17, 1999, revocation of his probation which stemmed from that conviction; and 3) the imposition of a seven year prison sentence on September 17, 1999, as a result of the revocation of probation, it is barred as third or successive petition. This Magistrate Judge has already determined that Petitioner's prior application raising these issues constituted a second or successive petition and that Petitioner was required to move in the appropriate court of appeals for an order authorizing the

district court to consider the application.[8] See Keselica I, Memorandum and Order of 12/8/06 at 10-11 (citing 28 U.S.C.A. § 2244(b)). The instant Petition is subject to the same procedural hurdle which prevented this Court from considering these issues in Keselica I.

In an apparent attempt to avoid this requirement, Petitioner has styled the instant action as being brought pursuant to 28 U.S.C. § 2241. However, a habeas petitioner cannot avoid the procedural hurdles of the Antiterrorism and Effective Death Penalty Act by filing his petition under 28 U.S.C. § 2241 rather than section 2254. Rittenberry v. Morgan, 468 F.3d 331, 336 (6th Cir. 2006); Thomas v. Crosby, 371 F.3d 782, 786 (11th Cir. 2004) (reading "§§ 2241 and 2254 as governing a single post-conviction remedy, with the § 2254 requirements applying to petitions brought by a state prisoner in custody pursuant to the judgment of a State court"); Cook v. N.Y. State Div. of Parole, 321 F.3d 274, 277 (2nd Cir. 2003)("[I]f an application that should be brought under 28 U.S.C. § 2254 is mislabeled as a petition under section 2241, the district court must treat it as a section 2254 application instead. It is the substance of the petition, rather than its form, that governs.")(citations omitted); Crouch v. Norris, 251 F.3d 720, 723 (8th Cir. 2001)(stating that a prisoner in custody pursuant to the judgment of a state court "can only

---

[8] Petitioner's first § 2254 action was filed on July 25, 2002, in the United States District Court for the Eastern District of Virginia. In two separate actions filed on that date he attacked both his February 8, 1995, embezzlement conviction and the September 17, 1999, revocation of his probation. See Keselica I, Petitioner's Request for Permission to File a Successive Subsection 2254 Petition for Writ of Habeas Corpus (Doc. #3) ("Motion to File Successive Petition") at 1.

According to Petitioner, on September 15, 2003, the district court denied both petitions. See id. The Court of Appeals for the Fourth Circuit affirmed the district court's denials on June 3, 2004. See Keselica v. Stouffer, 100 Fed. Appx. 142 (4th Cir. 2004) (unpublished decision).

obtain habeas relief through § 2254 no matter how his pleadings are styled."); Walker v. O'Brien, 216 F.3d 626, 633 (7th Cir. 2000)(noting that "[r]oughly speaking ... § 2254 [is] the exclusive vehicle for prisoners in custody pursuant to a state court judgment who wish to challenge anything affecting that custody, because ... bringing an action under § 2241 will not permit the prisoner to evade the requirements of § 2254"); Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999)("We have held that a state habeas petitioner may not avoid the limitations imposed on successive petitions by styling his petition as one pursuant to 28 U.S.C. § 2241 rather than 28 U.S.C. § 2254."); cf. Greene v. Tennessee Dep't of Corr., 265 F.3rd 369 (6th Cir. 2001) ("[W]hen a prisoner begins in the district court, § 2254 and all associated statutory requirements [including COA's under § 2253, if applicable] apply no matter what statutory label the prisoner has given the case.")(second alteration in original). Accordingly, Petitioner's attempt to circumvent the prohibition against successive petitions by styling the instant Petition as being brought under § 2241 should not be permitted.

**Summary**

Petitioner's claim that Virginia waived jurisdiction over him by returning his appeal bond without requiring that he surrender and serve the seven year prison sentence which had been imposed in 1997 lacks support. His assertion that this prison sentence expired on September 17, 2006, is baseless. His claims that Virginia has not complied with Rhode Island state law are not cognizable in a federal habeas corpus proceeding. Even if they were cognizable, this Court sees no reason to reverse the apparent determination of Rhode Island officials and courts that any alleged errors in the extradition documents were non-prejudicial and not a basis for denying Virginia's request for Petitioner's extradition. Petitioner's claims that his Virginia

probation ended on September 17, 1999, and that he cannot be violated for any events occurring after that date are matters to be determined in Virginia. His contention that Virginia is estopped from claiming that he is a fugitive because of the June 4, 2004, contrary determination by the Circuit Court for Washington County, Maryland, fails because Virginia had no obligation to appear at that hearing. To the extent that Petitioner challenges the validity of a) his 1995 embezzlement conviction, b) the September 17, 1999, finding that he violated his probation, and c) the seven year prison sentence imposed as a result of that violation, the Petition is barred as a third or successive petition.

## Conclusion

I recommend that the Motions be denied because the underlying Petition lacks merit. I further recommend that the Petition be dismissed. Any objections to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and of the right to appeal the district court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
March 20, 2007