UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MICHAEL KESELICA,
Petitioner

v. C.A. No. 07-067T

A.T. WALL,
Respondent

PETITIONER'S RESPONSE TO RESPONDENT'S MEMORANDUM OF LAW

Petitioner responds to Respondent's Memorandum of Law with rebuttals, corrections and affirmations to the following:

I. INTRODUCTION (Page 1)

Respondent states that:

"As discussed more fully below, the Petitioner cannot establish a likelihood of success on the merits of his underlying habeas petition and cannot otherwise identify any exceptional circumstances justifying the issuance of the extraordinary relief sought in each motion."

1. Petitioner can more than establish a likelihood of success on the merits. Petitioner can produce a track record of actual success — Petitioner's discharge on June 4, 2004, via a Writ of Habeas Corpus (see attached Exhibit) on the following extradition arguments raised by Petitioner:

(i). The accused has been incorrectly identified.

(ii). Michael Georges Keselica is not a fugitive from justice.

(iii). The extradition documents are technically and legally deficient.

(iv). Michael Georges Keselica is being subjected to double jeopardy.

Three (3) (ii-iv) of the seven (7) Arguments that Petitioner has

recently presented to this Court.

2. Petitioner can identify exceptional circumstances justifying the issuance of the relief sought:

A. Petitioner will succeed on the merits as he did on June 4, 2004.

B. Petitioner will suffer irreparable injury if the stay is not granted - his immediate extradition to Virginia.

C. Petitioner has a tumor in his head and needs outside medical care.

II. BACKGROUND

Petitioner agrees to the Background facts submitted by Respondent except for the following corrections:

1. Page 2, par. 2: Petitioner did not use the life savings of an elderly couple (see Defendant's May 22, 1995 Motion to Reconsider sentence).

2. Page 3, par. 2: "Notwithstanding the fact that the Petitioner exhausted all appeals of the violation adjudication, he has never returned to Virginia to serve the seven year sentence that the circuit court executed on September 17, 1999."

After the Court of Appeals of Virginia denied Petitioner's appeal, the Circuit Court never requested Petitioner's return to Virginia to serve a seven year sentence and that some Circuit Court returned Petitioner's appeal bond on November 18, 2002 (see Exhibit 14 of Petitioner's habeas petition currently before this Court).

3. Page 3, footnote 3: Petitioner served an eighteen month sentence in Maryland for a violation of probation on Petitioner's original 1996 conviction - Sale of Unregistered Securities; not for an Embezzlement conviction.

4. Page 3, footnote 4: More than contest the issue of whether the terms and conditions of his probation continued after the circuit court

adjudicated Petitioner a violator on September 17, 1999, Petitioner relied on the February 18, 2004 Memorandum Order from the U.S. District Court for the Eastern District of Virginia (see Exhibit 13 of Petitioner's habeas petition currently before this Court) in proving that Petitioner was no longer on probation after his revocation hearing on September 17, 1999 ("This Court held that the record did not reflect that Petitioner was returned to supervised probation following his 1999 revocation proceeding.")

III. DISCUSSION

A. Motion to Set Bail

Bail in a habeas case is only available "when the petitioner has raised substantial constitutional claims upon which he has a high probability of success, and also when extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective." Landano v. Rafferty, 970 F.2d 1230, 1239 (3rd Cir. 1992)

Petitioner has a high probability of success in the current case before this Court because Petitioner was successful in obtaining his fugitive habeas release on June 4, 2004 on less than the arguments presented by Petitioner in this case, but for the same facts.

In addition to Petitioner's habeas claims of: (1) not being a fugitive from justice; (2) the extradition documents are technically deficient; and (3) Petitioner's constitutional rights against double jeopardy are being violated, Petitioner has raised constitutional claims in this current extradition case, arguing 4th, 5th, 6th and 14th Amendment violations — see habeas claims II, VI and VII.

Furthermore, Petitioner, in contesting extradition as a pro se litigant, in and of itself an extraordinary or exceptional circumstance, would

benefit immensely from bail in curing the legal deficiencies (procurin g documents, cases and witnesses) associated with pro se litigation.

1. Likelihood of Success on the Merits

Respondent states on page 6, par. 2 that: "The Petitioner does not seem to contest the propriety of the Virginia extradition papers[7]..." Nothing could be further from the truth.

Petitioner's habeas claim I (The Writ of Habeas Corpus should be granted because the extradition papers improperly characterize the Petitioner as a fugitive from justice thereby denying Rhode Island's Governor his discretionary authority under the law to deny Virginia's Requisition Demand); habeas claim II (Deputy Commonwealth Attorney Raymond Morrogh's perjured requisition affidavit invalidates both Virginia Governor Kaine's Requisition Warrant and Rhode Island Governor Carcieri's Rendition Warrant); and habeas claim IV (The Extradition Documents are technically deficient) contest the propriety of the Virginia extradition papers.

Furthermore Footnote 7 states that: "The Petitioner challenges the substance of the extradition documents, but does not appear to challenge the form of those documents."

Not true. Petitioner has challenged the form of both Governors' Warrants – fugitive template versus non-fugitive template.

Contrary to Respondent's statement on page 8, par. 1:

"In support of this claim (that Petitioner is not a fugitive from justice), the Petitioner seizes upon a single sentence in the affidavit of Deputy Commonwealth Attorney Raymond Morrogh..."

Petitioner seizes upon the facts that:

a). Petitioner is case law in Virginia that he never set foot in the

Commonwealth of Virginia in the commission of a crime; See Keselica v. Commonwealth, 480 S.E.2d 756 (1997)

b). Petitioner's probation was revoked before he was allowed to leave Virginia on an appeal bond;

c). Petitioner never defaulted on the appeal bond - it was returned to Petitioner; and

d). Petitioner was given judicial permission to leave the State of Virginia.

among other facts.

Respondent goes on to state on page 8, par. 2:

"While there is no question that the Morrogh affidavit could have been clearer on this point, ... the Commonwealth of Virginia seeks to have Keselica extradited so that he may serve the seven year sentence that the Circuit Court of Fairfax County previously executed."

Even Justice Ragasta questioned the substance of Virginia's Requisition Demand - See page 8, lines 14-24 of Exhibit 7).

Petitioner would like to respond to the violation of probation cases cited by Respondent on pages 10-11 but due to the fact that Respondent improperly certified that Respondent's Memorandum of Law was mailed first class to Petitioner on March 9, 2007 (Petitioner wished this was true as Petitioner would have received said document on March 10, 2007 and then could have responded properly. As such, Petitioner received said document via interdepartmental mail today, March 13th, and given the fact that inmate mail is only sent out on Monday, Wednesday and Friday and given how quickly this Court rules on Motions) Petitioner cannot take the required time to properly respond to all the inaccuracies of Respondent's Response, given the fact that this Court may rule prior

to receipt of Petitioner's Response.

However, in summarizing the difference between Respondent's violation of probation extradition cases, to Petitioner's case, the following can be stated unequivocally. Petitioner's probation was revoked prior to Petitioner's departure from the demanding state and Petitioner was given judicial permission to leave the demanding state, inopposite to those cases cited by Respondent.

2. Extraordinary or Exceptional Circumstances

Besides Petitioner's father's failing health, Petitioner himself is suffering from a golf ball sized tumor at the base of his skull. Currently mis-diagnosed by the staff here at the ACI as a cyst (antibiotics were prescribed). Petitioner's tumor is growing and requires "outside" medical care (see attached letter from the Dept of Corrections Chief Legal Counsel, Patricia Coyne-Fague).

Besides the above, being incarcerated now for over seven (7) months on a fugitive warrant that Petitioner has already successfully contested extradition on borders on the exceptional.

Of note, Respondent never suggested that Petitioner is a flight risk (he's not), thus warranting Petitioner's release on bail for those reasons cited in Petitioner's February 20, 2007 Motion for Bail.

B. Motion for Stay

Petitioner can satisfy the prerequisites for injunctive relief.

1. Petitioner will succeed on the merits, as he did on June 4, 2004.
2. Petitioner will suffer irreparable injury if the stay is not granted — his immediate extradition to Virginia.

3. The stay will not harm either party – Virginia never sought the extradition of Petitioner, while in Maryland from 2004–2006 – they weren't interested.
4. The granting of the stay would serve the public interest – the protection of citizens' rights against unlawful extraditions, something that needs to be heard and opinioned by this Court.

IV. CONCLUSION

WHEREFORE, for the reasons cited above, for the fact that Federal Courts have concurrent jurisdiction in extradition matters and for the fact that as a citizen of the United States Petitioner has a constitutional right of access to the courts of this great country and any appropriate appellate remedies (e.g. Court of Appeals for the First Circuit) Petitioner respectfully requests the granting, by this Court, of Petitioner's Motion for Bail and Motion for Stay or a hearing to determine the merits of said Motions.

Respectfully submitted,

[signature]

Michael Koselka
#131867
P.O. Box 8249
Cranston, RI 02920

CERTIFICATION

I HEREBY CERTIFY that on this 14th day of March, 2007 a copy of the foregoing was mailed postage paid first class to Christopher Bush, 150 South Main Street, Providence RI 02903

[signature]