UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MICHAEL G. KESELICA,
Petitioner

v. Civil Action No. 07 067

A.T. WALL, RI COMMISSIONER OF CORRECTIONS
Respondent

PETITIONER'S MOTION TO SUPPLEMENT

COMES NOW Petitioner, Michael G. Keselica, pro se and respectfully moves this Court to allow Petitioner to supplement, pursuant to Rule 15(d) of the Federal Rules of Civil Procedure, his subsection 2241 petition for writ of habeas corpus in the above captioned case with the following:

1. On February 20, 2007, Petitioner filed in this Court, Petitioner's 28 U.S.C. subsection 2241 Petition for Writ of Habeas Corpus contesting his extradition arrest under Rhode Island Governor Donald Carcieri's Rendition Warrant.

Petitioner omitted the following from his subsection 2241 Petition:
(i) Exhibit 28 – see attached; and
(ii) supplements his subsection 2241 Petition with the following case citation for Argument I: People ex rel. Bernheim v. Warden, House of Detention, 95 Misc 2d 577; 408 N.Y.S. 2d 285 (1978):

"The application for requisition in North Carolina that accompanied the Governor's demand certified that relator was physically present in North Carolina at the time the New York crime was committed. The prosecutor in New York conceded that relator was not in North Carolina at the time he committed the acts. The prosecutor contended that the misinformation in the application for requisition resulted from a typographical error and that relator had committed acts in

New York and other states, intentionally resulting in a crime in North Carolina. The prosecutor urged that the New York Governor's warrant was valid because the misinformation regarding the "presence" of relator in North Carolina attributable to the typographical error was curable at a hearing that would have established that the relator was extraditable under N.Y. Crim. Proc. Law subsection 570.16. The Court sustained relator's writ. As a result of the error, the warrant to extradite him was issued as a matter of course by the Governor. Relator was fundamentally harmed because he was deprived of the Governor's exercise of discretion and the other conditions of surrender to the demanding state as provided for under subsection 570.16."

In the present case before this Court, Respondent has stated that the misinformation contained in the application for requisition were non-prejudicial clerical errors (See Exhibit 9, page 8): "Petitioner also claims that, because the affidavit states that Petitioner was in the Commonwealth of Virginia at the time he committed the crime of embezzlement, the Governor's Warrant should be invalidated. This is also non-prejudicial error."

Not according to Bernheim.

According to Bernheim, the courts consistently invalidate warrants for extradition where errors have deprived persons from receiving the benefit of the governor's exercise of discretion.

As in Bernheim, this Court should invalidate Rhode Island Governor Carcieri's Governor's Warrant as the "errors of presence" in Virginia, in Virginia's requisition documents, deprived Petitioner from receiving the benefit of Governor Carcieri's exercise of discretion.

As in Bernheim, the "Application for Requisition" from Virginia dated August 24 2006, which accompanied that Governor's demand certified in part that Petitioner "who was in the State of Virginia at the time of the commission of the said crime."

As in Bernheim, the prosecutor here in Rhode Island conceded that Petitioner was not in the demanding State at the time he allegedly committed the acts forming the basis of the Virginia charge. The prosecutor here contends that this misinformation contained in the Virginia "Application for Requisition" resulted from a clerical error.

As in Bernheim, there has been a substantial violation of Petitioner's rights. As a result of the error involved, the warrant to extradite Petitioner was issued as a matter of course by Governor Carcieri, as mandated by the United States Constitution and relevant Federal and State laws. Petitioner was fundamentally harmed since he was deprived of the Governor's exercise of discretion and the other conditions of surrender to the demanding state. Therefore, as in Bernheim, Petitioner's writ of habeas corpus should be granted.

WHEREFORE, Petitioner respectfully requests leave from this Court to Supplement his Petition for Writ of Habeas Corpus with Exhibit 28 and the above referenced case citation with supporting arguments.

Respectfully submitted,

Michael Keselica
#131867
P.O. Box 8249
Cranston, RI 02920

CERTIFICATION

I HEREBY CERTIFY that on this 28th day of February, 2007, a copy of the foregoing was mailed postage paid first class to the Office of the Attorney General, 150 So. Main Street, Providence, RI 02903.

Michael Keselica