UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MICHAEL KESELICA, :
Petitioner, :
v. :
: CA 07-67 T
A.T. WALL, :
Respondent. :

**ORDER**
**DENYING MOTIONS**
**TO AMEND AND TO SUPPLEMENT**

On March 20, 2007, this Magistrate Judge issued a Report and Recommendation, recommending that the instant action be dismissed because the Petition lacks merit. See Report and Recommendation (Document ("Doc.") #10) at 15. On March 28, 2007, Petitioner's Motion to Amend[1] (Doc. #7) ("Motion to Amend") and Petitioner's Motion to Supplement (Doc. #12) ("Motion to Supplement") (collectively "the Motions"), were referred to me for determination.[2] See Docket. There is nothing in the Motions which would cause this Magistrate Judge to change his recommendation that the action be dismissed.[3] In addition, it is

---

[1] The Motion to Amend seeks to change one word on page 27 of the Petition so that the quoted phrase "'there is no obligation to make certain that the requirement be met that the extradition statute be satisfied ...'" reads "there is an obligation ...." Motion to Amend at 1 (quoting Petition at 27)(quoting Deur v. Sheriff of County of Newaygo, 362 N.W.2d 698, 703 (1984)).

[2] Both motions were received by the Clerk's Office on March 7, 2007, but initially only the Motion to Amend was docketed. This oversight was detected on March 29, 2007, and a corrective docket entry was made, reflecting that the Motion to Supplement was also filed on March 7, 2007. See Docket (entries for 3/7/07 and 3/29/07).

[3] The Motion to Supplement contains additional argument based on People ex rel. Bernheim v. Warden of House of Detention for Men, 95 Misc.2d 577 (N.Y. Sup. Ct. 1978), and an additional exhibit (Exhibit 28) which lists seven cases (at least one of which, Ritholz v. Sain, 187 N.E.2d 241, 242 (Ill. 1962), has already been cited in the Petition, see Petition at 26). All of the cases are state court

procedurally problematic to grant the Motions at this point because they amend or supplement the Petition which has already been addressed in the Report and Recommendation now pending before Senior Judge Torres.

After consideration, the Court concludes that procedurally the appropriate action is to deny the Motions. Accordingly, **the Motions are DENIED.** However, to ensure that Judge Torres in deciding whether to accept the Report and Recommendation of March 20, 2007, is aware of the correction which Petitioner wishes to make to the Petition, see n.1 supra, and also of the additional argument and cases which Petitioner set forth in the Motion to Supplement, see n.2 supra, the Clerk is directed to bring to Judge Torres' attention the contents of this order.

So ordered.

---

decisions and at least four, including Bernheim, involve applications of state law. See Boyd v. Van Cleave, 505 P.2d 1305, 1307 (Col. 1973) (citing C.R.S. 1963, 65-1-9(1) and (2)(d)); Ritholz v. Sain, 187 N.E.2d 241, 242 (Ill. 1962)(applying Ill.Rev. Stat.1961, chap. 65, par. 26 and chap. 60, par. 20); Wells v. Sheriff, Carter County, 442 P.2d 535, 540 (Okla. Crim. App. 1968)(framing issue as whether state appellate court will give recognition to conclusive finding of fact by a court of record in the same state); People ex rel. Bernheim v. Warden of House of Detention for Men, 95 Misc.2d 577, 580 (N.Y. Sup. Ct. 1978)(finding governor's warrant for extradition invalid because it was issued pursuant to inapplicable sections of New York Criminal Procedure Law).

In addition, at least one of the cases, In Re Bailleaux, 302 P.2d 801 (Cal. 1956), has been partially overruled. In 1974, the California Supreme Court held that the "issuance of a writ of habeas corpus in a previous extradition proceeding no more bars a second such proceeding than dismissal of a complaint by one magistrate bars refiling the complaint before another magistrate or seeking an indictment." In Re Russell, 524 P.2d 1295, 1298 (Cal. 1974). In so holding, the Russell court stated that: "To the extent that In re Bailleaux is inconsistent with the views expressed in this opinion it is overruled." Id. at 1298-99.

ENTER:

/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
April 2, 2007