UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MICHAEL KESELICA,
Petitioner
v.  CA 07-67T
A.T. WALL,
Respondent

PETITIONER'S OBJECTION TO MAGISTRATE JUDGE DAVID MARTIN'S REPORT AND RECOMMENDATION DATED 3/20/07

COMES NOW Petitioner, Michael Keselica, pro se and objects to U.S. Magistrate Judge David Martin's Report and Recommendation dated March 20, 2007 in the above captioned case and in support thereof states the following:

1. On February 20, 2007, Petitioner filed with this Court Petitioner's: (1) Motion for Emergency Injunctive Relief; (2) Motion for Immediate Stay of Execution of Rhode Island Governor Donald L. Carcieri's Rendition Warrant; (3) Motion to Set Bail or Grant Petitioner's Release to Home Incarceration and Petitioner's Petition for Writ of Habeas Corpus subsection 2241.

2. On February 21, 2007, Petitioner filed with this Court Petitioner's Supplemental Request for Stay of State Extradition Proceedings.

3. On February 21, 2007, this Court referred Petitioner's three preliminary motions to Magistrate Judge Martin for findings and recommended disposition pursuant to 28 U.S.C. subsection 636 (b)(1)(B). This Court did not refer Petitioner's Petition for

Habeas Corpus to Magistrate Judge Martin. Magistrate Judge Martin, in turn, directed Respondent Wall, or the State, on his behalf, to file a response only to the <u>three</u> motions on or before March 9, 2007.

4. On February 28, 2007, Petitioner filed with this Court Petitioner's Motions to Amend and Supplement.

5. On March 13, 2007 Respondent's Response was delivered to Petitioner via Interdepartmental Mail not via first class mail on March 9, 2007 as certified to by Respondent. Respondent's Response addressed Petitioner's <u>three</u> preliminary motions.

6. On March 14, 2007, Petitioner filed his Response to Respondent's Response, contesting Respondent's stall tactic regarding improper certification of service to Petitioner, among other arguments.

7. On March 20, 2007 U.S. Magistrate Judge David Martin issued his Report and Recommendation denying Petitioner's <u>four</u> motions and, inexplicably, Petitioner's habeas petition, even though he was not given the authority to do so by a District Court Judge and without response by the State of Rhode Island.

This Objection follows.

Petitioner objects to virtually every citation and argument raised by U.S. Magistrate Judge David L. Martin in his March 20, 2007 Report and Recommendation.

It is quite evident that this Magistrate Judge is acting without

authority pursuant to 28 U.S.C. subsection 636, therefore, before commencing, Petitioner moves for judgment in favor of Petitioner as U.S. Magistrate Judge David Martin violated 28 U.S.C. subsection 636 and for default judgment against Respondent for failure to respond to Petitioner's Petition for Writ of Habeas Corpus pursuant to Rule 55 of the Federal Rules of Civil Procedure and, with it, the granting of Petitioner's Petition for Writ of Habeas Corpus for this and other reasons (see Arguments 1-7 in original petition dated February 20, 2007).

In order for this Magistrate Judge to render a determination on Petitioner's Petition for Writ of Habeas Corpus, Petitioner's Petition must have been referred to him by a District Judge – see 28 U.S.C. subsection 636(b)(1)(B). No such event occurred.

Furthermore, this Magistrate Judge never referred said Petition to Respondent for response, thus leaving the record in this case incomplete.

Magistrate Judge Martin has erred procedurally, as a matter of law, and as a matter of factual argument in his March 20, 2007 Report and Recommendation for those reasons cited above and below.

## BACKGROUND

U.S. Magistrate Judge Martin references three prior actions as being dismissed. However, prior action no. 1 cited by Magistrate Judge Martin, Keselica v. McCauley, et al, CA 06-448ML, was re-petitioned to the U.S. District Court for the Eastern District of Virginia per this Magistrate Judge's recommendation and is currently in litigation. Prior actions 2 and 3 are pending appellate review in the U.S. Court of Appeals for the First Circuit.

So, although stated by Magistrate Judge Martin that these cases were dismissed at the District Court level, these cases and their related

arguments are alive and well, although they are in no way related to the facts of the present petition before this Court and prior actions 2 and 3 are, at best, indirectly related to Argument II in the current case before this Court. Prior action no. 1 is in no way related, as that action attacks Petitioner's conviction and probation revocation, something Petitioner has not and cannot do, in his Petition currently before this Court.

## FACTS

Clarification and correction to paragraph 10.

Clarification: Four years after the denial of his appeal, a warrant was issued for Petitioner to finish serving a 7 year sentence.

Correction: There was no Bench Warrant dated 8/16/99.

## DISCUSSION

Petitioner raised seven arguments in his Petition for Writ of Habeas Corpus, yet Magistrate Judge Martin only ruled on two-and-a-quarter of these arguments.

As part of Petitioner's Argument III - Petitioner is not a fugitive from justice, Petitioner raised the issue of how Petitioner can be a fugitive from justice when he was allowed to leave Virginia with judicial permission on an appeal bond then had his appeal bond returned. This was one of six (6) fugitive from justice arguments raised by Petitioner. Magistrate Judge Martin opinioned against Petitioner's appeal bond argument but as it pertained to Argument VI. What happened to the other

five (5)[1] fugitive arguments raised by Petitioner? They were never opinioned.

Furthermore, at footnote 2 on page 4 of the Report and Recommendation, Magistrate Judge Martin complains that Petitioner provides no explanation for a $500 discrepancy between the $7500 cash appeal bond posted and the $8000 returned for the appeal bond. Isn't that why we have hearings to introduce evidence[2] or opportunities to rebut the opposing parties arguments but sadly and of grave concern, is that this Court is not the opposing party but sure is behaving that way.

Again, Magistrate Judge Martin embellishes on Petitioner's Argument VI and Petitioner's claim that his 7 year sentence imposed on September 17, 1999, expired on September 17, 2006 and attempts to negate Petitioner's fugitive from justice argument by using this statement against Petitioner, without hearing or allowing Petitioner to prove this claim at an evidentiary hearing, but this statement represents one of six fugitive from justice arguments raised by Petitioner. What about the other five fugitive arguments raised by Petitioner and not opinioned by this Magistrate Judge?

The most glaring error committed by Magistrate Judge Martin is his dismissal of Petitioner's Arguments I and IV, stating that R.I. General Laws subs. 12-9-8 and 12-9-3 are state statutes and federal habeas corpus relief does not lie for errors of state law.

R.I. General Laws subs. 12-9-8 and 12-9-3 are state statutes that implement Federal extradition law pursuant to the U.S. Constitution.

[2] Petitioner would have introduced the appeal bond hearing transcript at an evidentiary hearing.

[1] Petitioner was never in the demanding state to commit a crime; Petitioner was no longer on probation when the VOP Show Cause Bench Warrant was issued or when the alleged acts occurred. Petitioner was given judicial permission to leave Virginia after his probation was revoked; Any alleged violation of probation acts were committed in Maryland, not Virginia — Petitioner was never in Virginia during the term of his probation. and Petitioner had already successfully contested extradition to Virginia as a fugitive from justice on this VOP Warrant — successfully proving that he was not a fugitive from justice.

U.S. Magistrate Judge Martin attempts to negate Petitioner's Argument I and part of Argument IV by opinioning that errors of state statutes are not cognizable under federal habeas relief, in dismissing one of Petitioner's arguments that Virginia violated Petitioner's [Constitutional] rights when it alleged and sought Petitioner's rendition from Rhode Island as a fugitive from justice, when the facts conclusively proved that any such rendition had to be sought under the non-fugitive provision of the U.C.E.A. (Virginia's belief that Petitioner is a fugitive from justice failed once before in the State of Maryland (see Exhibit 18)).

Judge Martin's opinion on Arguments I and a portion of Argument IV fails for the following reasons.

The Federal Constitution authorizes the extradition of fugitives from one state, who are found in another state - see U.S. Constitution, Art. IV, subs. 2, cl. 2. Interstate rendition, or extradition, is based on a federal constitutional provision known as the Extradition Clause. Interstate rendition is essentially a federal and not a state matter - see Lee Gim Bor v. Ferrari (CA1 Mass) 55 F.2d 86. As stated in DeGenna v. Grasso, 413 F. Supp. 427 (1976): "In its seminal pronouncement on the subject of extradition, Kentucky v. Dennison, 65 U.S. 66 (1860), the Supreme Court described a state's duty to extradite accused persons, as stemming from a 'compact entered into with the other states when it adopted the Constitution of the U.S. and became a member of the Union.' That compact, the Court made clear, makes extradition a matter of overriding federal interest and control."

The Extradition Clause confers on the Federal Government the power to regulate interstate extradition - see Innes v. Tobin, 240 U.S. 127. The clause is not self-executing, but is implemented by a statute, 18 U.S.C.S. 3182, prescribing the procedure to be followed by officials of both the demanding state and the asylum state when the return of a fugitive is

sought. The federal statutory and constitutional provisions regulating interstate extradition are intended to be dominant and controlling on the subject - see Innes v. Tobin, 240 U.S. 127. Courts of the asylum state are bound by the federal constitutional and statutory provisions - see Michigan v. Doran, 439 U.S. 282 and must follow the decisions of the U.S. Supreme Court - see DeGenna v. Grasso (DC Conn) 413 F. Supp. 427.

The Extradition Clause is generally implemented by state laws, making it the duty of the governor to deliver the fugitive to the demanding state. These state laws are found in the Uniform Criminal Extradition Act ("U.C.E.A."). The U.C.E.A. is ancillary to and in aid of federal constitutional requirements governing extradition - see Re Robert, 122 RI 356, 406 A.2d 266. It was enacted to implement the constitutional requirements of the Extradition Clause and to set forth extradition procedures - see Parks v. Bourbeau, 193 Conn. 270, 477 A.2d 636. An asylum state must comply with the Extradition Clause (U.S. Const. Art. IV, subs. 2, cl. 2), the federal statute (18 U.S.C.S. 3182) and, where enacted, the U.C.E.A. - see Michigan v. Doran, 439 U.S. 282.

Under Section 6 of the U.C.E.A., a governor, on demand, may surrender a person charged with having committed an act intentionally resulting in a crime in the demanding state, even though the accused was outside the state when the crime was committed. R.I.G.L. subs. 12-9-8 is Section 6 of the U.C.E.A. Section 6 of the U.C.E.A. is an exception to the general rule (U.C.E.A. sub. 3) that an accused is not a fugitive from justice and may not be extradited if he was not physically present in the demanding state when the offense was committed.

Rhode Island General Law 12-9-1 implements the Uniform Criminal Extradition Act, which implements the Extradition Act (18 U.S.C.S. 3182), which implements the extradition clause of the Federal Constitution (Art. IV, subs. 2, cl. 2). Therefore, there is absolutely no merit in what

U.S. Magistrate Judge Martin has stated that the erroneous application of R.I.G.L. 12-9-1 against Petitioner, specifically R.I.G.L. 12-9-3, instead of R.I.G.L. 12-9-8, is not reviewable by this federal court - this Court has jurisdiction to hear Petitioner's Argument I. Even both Governor's Warrants (see Exhibits 2 and 20) specify that Petitioner's extradition is made pursuant to the provision of the Constitution and the Laws of the United States, which both the demanding state (Virginia) and the asylum state (Rhode Island) have violated by seeking Petitioner's extradition as a fugitive from justice. "Proceedings for interstate extradition are controlled by federal law, and applicable federal statutes must therefore be applied by state courts in proceedings concerning extradition." Hill v. Roberts, 359 So. 2d 911.

Magistrate Judge Martin has omitted two other material deficiencies in the requisition affidavit submitted by Virginia Deputy Commonwealth Attorney Raymond F. Morrogh, specifically affidavit statements nos. 2 and 3:

2. "In my opinion, the ends of public justice require that the said fugitive be brought to this State for trial, at the public expense."
3. "In my opinion, I have sufficient evidence to secure the conviction of the said fugitive."

Again, further evidence that Petitioner is wanted for a VOP hearing, not to serve a 7 year sentence. So what is Petitioner being extradited back to Virginia for - to finish serving a 7 year sentence or for a new trial?

The Rhode Island Courts and Rhode Island Officials have prosecuted, entered judgment against Petitioner and labeled Petitioner (albeit falsely) a fugitive from justice because Petitioner is wanted back in Virginia to finish serving a 7 year sentence. However, this is not Virginia's intention based on the requisition affidavit and Governor's Warrant, hence these errors (5) in the requisition affidavit are material and extremely prejudicial. Furthermore, Magistrate Judge Martin never mentioned the deficiencies (facially invalid and substance defect) in Governor Carcieri's Rendition Warrant - that Petitioner is a fugitive from

justice for the crime of "Crime Fugitive Charged With" and for which Petitioner was arrested and currently incarcerated under.

If this Court does not grant Petitioner's release it must, at the very least, remand these extradition requisition documents back to Virginia for corrections to Virginia's requisition affidavit and requisition warrant and then corrections to Governor Carcieri's Rendition Warrant to avoid violating Petitioner's rights against a wrongful extradition.

Magistrate Judge Martin has again erred with his application and interpretation of extradition law to Petitioner's habeas claims - see page 7 of Judge Martin's March 20, 2007 Report and Recommendation that: "Given these facts (of Petitioner's embezzlement conviction), this Court finds the statement that Petitioner was in the state at the time of the commission of the crime to be, at most, a non-prejudicial error." The heck it is. It is most prejudicial. It dictates whether Petitioner's extradition is to conform to the fugitive or non-fugitive provisions of the U.C.E.A. As such, Governor Carcieri either <u>must</u> sign his Governor's Warrant for the rendition of Petitioner to Virginia or he <u>may</u> sign his Governor's Warrant for the rendition of Petitioner to Virginia - he has discretion to do so. This is an extremely prejudicial error.

Why can't this Court remand the requisition affidavit and Governor's Requisition Warrant back to Virginia for correction if these are non-prejudicial errors. Let's find out if they are. Let's disprove Petitioner's firm belief and factual proof that these so-called "non-prejudicial" errors were done intentionally to deprive Petitioner of rights accorded to him by the U.S. Constitution, Extradition Act and the Uniform Criminal Extradition Act. Let's see if Virginia concurs with this Court's opinion and belief. I've rotted here for eight months already for something I've already proven back in 2004 - that I am not a fugitive from justice from Virginia. What's a couple more months.

Furthermore, it has been affirmed in common [extradition] law, as opinioned by the U.S. Supreme Court, that: "The exercise of jurisdiction by a state to make an act committed outside its borders a crime against the state is one thing, but to assert that the party committing such an an act comes under the Federal statute, and is to be delivered up as a fugitive from justice of that state, is quite a different proposition." See Hyatt v. People ex rel. Corkran, 188 U.S. 691, 23 S. Ct. 456 (1903).

It is further affirmed by the U.S. Supreme Court, in contradiction to Magistrate Judge Martin's opinion, that: "One who was not within a state when the crime of larceny or false pretense was, if ever, committed therein, cannot be deemed a 'fugitive from justice' within the meaning of U.S. Rev. Stat. subs. 5278 (U.S.C. title 18, subs. 662), providing for the interstate extradition of a fugitive from justice on demand of the executive of the state from which he has fled." Hyatt v. People ex rel. Corkran.

Magistrate Judge Martin further states in Footnote 5 on page 7 of his Report and Recommendation that: "Petitioner additionally contends that because he was in Maryland when he was untruthful with his Virginia probation officer during telephonic communication, no violation of probation occurred in Virginia. This is not necessarily so. It is not unreasonable to view the violation as occurring when the probation officer received the communication in Virginia."

It was not his Virginia probation officer that Petitioner was allegedly untruthful with, it was his Maryland probation officer regarding travel instructions to Rhode Island. As stated in line item no. 7 of the Agreed Upon Statement of Facts (see Exhibit 1), it was alleged that Petitioner "failed to maintain telephone contact with his probation officer."

As to the misstatement in the requisition application that "no other

application has been made for Petitioner's requisition (this is actually the fourth time), Magistrate Judge Martin states that:

1. This misstatement was fully argued in Petitioner's habeas hearing in the Kent County Superior Court on January 5, 2007; and
2. Petitioner brought this issue to the attention of the Governor of Rhode Island by sending written communications to his Office in August and again in October of 2006.

1. This misstatement was never argued at Petitioner's habeas hearing — only that the State represented that this was a non-prejudicial clerical error in its Response Brief. The State never represented that they contacted Virginia to get clarification of this error, or whom they contacted, or that Rhode Island requested a corrected Requisition Affidavit.

Here, this Court states that certain issues raised by Petitioner are for determination in Virginia, yet this Court is not compelling the State of Rhode Island to seek re-determination/amendment of these erroneous factual extradition statements by the demanding state and instead relying on representations by the State of Rhode Island. Why the double standard?

Furthermore, if this Court is relying on representations made by the Assistant Attorney General representing the State of Rhode Island at Petitioner's habeas hearing on January 5, 2007, then how can this Court value anything said by this prosecutor, when it was this prosecutor who purposely withheld Governor Carcieri's defective Governor's Warrant from both the Rhode Island State Courts and Petitioner and lied about the use of res judicata in a domestic extradition proceeding.

2. Petitioner never received correspondence from Governor Carcieri stating that he investigated the requisition application misstatements,

nor that he even saw Petitioner's letters of complaint and concern. That is why Petitioner instituted action via 42 U.S.C.S. 1983 suits (see Keselica II and III) to compel this Governor to conduct a Governor's Hearing so that the facts of Petitioner's allegations could be presented and investigated.

Petitioner has adequately spelled out the reason why Deputy Commonwealth Attorney Raymond Morrogh intentionally erred on this requisition affidavit statement (see Argument II of Petitioner's February 20, 2007 Petition).

Then on page 11 of his Report and Recommendation, Magistrate Judge Martin states: "Whether Petitioner's probation ended on September 17, 1999, on some other date, or whether it is still in effect are all matters to be determined in Virginia."

Petitioner <u>never</u> stated that he cannot be violated for any events occurring after that date.

Petitioner stated that he cannot be extradited as a "fugitive from justice" on the August 16, 2004 VOP Show Cause Bench Warrant because:

1. Petitioner's probation was revoked on September 17, 1999;
2. Petitioner's probation term expired on November 25, 2003; and
3. At an August 9, 2004 hearing, Fairfax County, Virginia Circuit Court Judge Stanley Klein stated on the record that the motive behind the issuance of the VOP Show Cause Bench Warrant was to seek Petitioner's arrest to finish serving a 7 year sentence.

Even though Magistrate Judge Martin never addressed Petitioner's Arguments V and VII, he opinions that Petitioner's claim that: "Virginia is estopped from claiming that he is a fugitive because of the June 4, 2004 contrary determination by the Circuit Court for Washington County, Maryland fails because Virginia had no obligation to appear at that hearing."

In Petitioner's Argument V, Petitioner raises the argument that Petitioner's current extradition proceeding is in violation of Petitioner's fifth amendment guarantee against double jeopardy, specifically collateral estoppel, or issue preclusion.

There are five criteria to be met in order for this estoppel to happen.

This Court, in its March 20, 2007 Report and Recommendation, does not challenge criteria a, b, c and e, but only criteria d.

There was nothing preventing Virginia from sitting with Maryland at Petitioner's June 4, 2004 habeas extradition hearing in attempting to insure that Petitioner's habeas arguments were defeated.

Virginia had done so at Petitioner's habeas extradition hearing back in 2003 on an unrelated fugitive warrant (failure to return a rental car). The Deputy Commonwealth Attorney for Arlington County, Virginia was present, aswell as the Virginia detective investigating the case. Virginia is only 20 minutes from the Circuit Court for Washington County, Maryland. If Virginia was present in 2003 to help Maryland litigate their fugitive claims against Petitioner - why not in 2004. It wasn't my fault, Virginia had the opportunity but chose not to take advantage of it. Even the Rhode Island Attorney General's Office extended an invitation to Virginia to appear for the January 5, 2007 habeas hearing.

Magistrate Judge Martin focuses on criteria d of Petitioner's collateral estoppel argument but does not give any rebuttal or disagreement to Petitioner's res judicata argument (see Argument VII).

Finally, at the end of Magistrate Judge Martin's March 20, 2007 Report and Recommendation (pages 12-14), this Magistrate prejudices Petitioner's Petition for review by a District Judge of this Court

by alluding to the fact that Petitioner is challenging the validity of Petitioner's February 8, 1995 Virginia embezzlement conviction and the September 17, 1999 revocation of his probation.

No where in his Petition does Petitioner challenge these facts -- he can't and Magistrate Judge Martin knows this as he never cited passages in Petitioner's Petition where Petitioner stated or referenced these facts. Why then did Magistrate Martin argue this point when Petitioner never raised it, nor when this issue cannot be determined in a habeas extradition proceeding? This is extremely prejudicial upon review by a U.S. District Judge.

Petitioner has spent six years researching extradition law and successfully contested two Virginia fugitive warrants while in Maryland, as a pro se litigant. Petitioner would not, could not, did not, raise these challenges.

Finally, U.S. Magistrate Judge lacked jurisdiction pursuant to 28 U.S.C. subs. 636(b)(1)(B) to hear and opinion upon Petitioner's subsection 2241 Petition for Habeas Corpus, therefore Magistrate Martin's March 20, 2007 Report and Recommendation is null and void.

## SUMMARY

The validity of Petitioner's appeal bond argument is as it pertains to Petitioner's fugitive from justice argument (Argument III) — Petitioner is not a fugitive from justice as defined by U.S. Supreme Court common law, Art IV, subs. 2, cl. 2 of the U.S. Constitution, 18 U.S.C.S. 3182, subsection 3 of the Uniform Criminal Extradition Act and Rhode Island General Law 12-9-3.

Petitioner proved this point beyond a reasonable doubt at a June 4, 2004 Maryland habeas extradition hearing when he was deemed not a fugitive from justice pursuant to Maryland Criminal Procedure Article 9-103.

How can a Rhode Island Court interpret federal statute and federal common law diffently from a Maryland Court — it can't. Nor did Magistrate Martin acknowledge Petitioner's res judicata argument (Argument VII), and failed to acknowledge Petitioner's habeas arguments III (fugitive from justice), IV (the extradition documents are technically deficient), and significant portions of arguments II, V and VII.

Any reference that this Magistrate Judge made to Petitioner's appeal bond argument relative to surrendering and serving a 7 year sentence is MOOT as Virginia's Requisition Affidavit clearly states that Petitioner is wanted for a violation of probation hearing, as does the Governor's Requisition Warrant.

How is Petitioner's assertion that Petitioner's prior sentence expired on September 17, 2006 baseless when no evidentiary hearing was conducted to determine the validity of said statement (it's not one of Petitioner's seven arguments) and Respondent never stated otherwise.

Rhode Island state extradition law derives directly from federal

law and statutes and falls under federal review and does not differ from Maryland state extradition law.

Why does Magistrate Martin side with Rhode Island and not Maryland? This is a Full Faith and Credit Clause (Art. IV, subs. 1) constitutional violation (see Petitioner's Arg. VII).

Even Rhode Island Superior Court Justice Vincent Ragasta admitted that Virginia's Requisition Affidavit and Governor's Warrant were technically deficient. See Petition, Ex. 7 (Transcript of 1/5/07 hearing before Ragosta, J.) at 8, 13, 14, 15, 26 and Assistant Attorney General John Corrigan Knew Rhode Island Governor Carcieri's Governor's Warrant was defective (see Exhibit 20), that's why he withheld it from both the Rhode Island State Courts and Petitioner (this warrant surfaced in Assistant Attorney General Christopher Bush's February 1, 2007 Response to Petitioner's Petition for Writ of Habeas Corpus to the Rhode Island Supreme Court.

If Virginia's requisitional affidavit errors were non-prejudicial (they are not), then why were they not corrected and why did R.I. state officials not inform Petitioner of which Virginia official stated they were errors. How does Rhode Island Know that they were non-prejudicial errors if they never went to the horse's mouth on these issues.

Pursuant to the Extradition Act of 1793 (now 18 U.S.C.S. subsection 3182) the courts of asylum states may do no more than ascertain whether the requisites of the Extradition Act have been met; the Act leaves only four issues open for consideration before the person seeking to avoid extradition is delivered up: (1) whether the extradition documents on their face are in order; (2) whether the person seeking to avoid extradition has been charged with a crime in the demanding state; (3) whether the person seeking to avoid extradition is the person named in the request

for extradition; and (4) whether the person seeking to avoid extradition is a fugitive. See Michigan v. Doran, 439 U.S. 282, 99 S. Ct. 530 (1978).

Petitioner has again (see Exhibit 18) conclusively proven that: (1) the extradition documents on their face (see Exhibits 2, 3 and 20) are not in order; and (4) Petitioner is not a fugitive from justice.

## CONCLUSION

As Petitioner has conclusively shown and proven (see Petition), Virginia needs to attempt to extradite Petitioner under the non-fugitive provision of the U.C.E.A. If this Court would just compel Virginia to amend their requisition affidavit and Governor's Warrant we would have a legal extradition proceeding.

Petitioner spent sixteen months in a Maryland jail successfully proving that these same requisition documents were defective and Petitioner has, to date, spent eight months here in a Rhode Island jail attempting to re-prove this fact, but has been subject to questionable prosecutorial conduct and now a Magistrate Judge who is suppose to protect Petitioner's constitutional and civil and insure that Federal statutes are properly interpretated and applied at the state level – not violate them.

Magistrate Judge Martin only opinioned on 2 1/4 of Petitioner's 7 habeas arguments. What happened to the other 4 3/4s?

WHEREFORE, Petitioner respectfully requests that this Court not accept the March 20, 2007 Report and Recommendation of U.S. Magistrate Judge David Martin as Judge Martin was without jurisdiction to render such a report but also for the facts that

said Report and Recommendation is factually incorrect as a matter of federal statute and common law.

Petitioner further requests that this Court GRANT Petitioner's Petition for GOOD CAUSE SHOWN and IN THE INTERESTS OF JUSTICE or REMAND this case for hearing and response from Respondents

Respectfully submitted,

Michael Koselica
#131867
P.O. Box 8249
Cranston, RI 02920

CERTIFICATION

I HEREBY CERTIFY that on this 29th day of March, 2007, a copy of the foregoing was mailed postage paid first class to the Office of the Attorney General for Rhode Island, 150 So. Main Street, Providence, RI 02903.

Michael Koselica